DESALVO, APPELLEE, *v.* SUKALSKI, APPELLANT.

(No. 1023—Decided January 18, 1983.)

*Ms. Julia E. Burgess,* assistant prosecuting attorney, for appellee.

*Mr. Edward R. Patton,* for appellant.

HOFSTETTER, P.J. The action on appeal was brought in juvenile court on a complaint filed pursuant to R.C. Chapter 3111, and specifically under authority of R.C. 3111.01. The chapter involves paternity proceedings.

We note first of all that the Rules of Juvenile Procedure, according to Juv. R. 1(C)(4), do not apply "in proceedings to determine the paternity of any child born out of wedlock."

Although bastardy proceedings are partly of a civil and partly of a criminal nature, partaking of both, but, in fact, are not strictly either, these proceedings, as noted in 7 Ohio Jurisprudence 2d Rev. 538, Bastardy, Section 4, are often called "quasi-criminal" inasmuch as the proceeding starts with a sworn complaint, jurisdiction is obtained by warrant, and the issue is joined by a plea of not guilty as in a criminal case. Likewise, the defendant is referred to in the statutes as the "accused."

In spite of the above, however, the courts are inclined to view bastardy proceedings as civil in nature.

Referring then to Civ. R. 1(C), we note that, to the extent that the Civil Rules would, by their nature, be clearly inapplicable, they shall not apply "in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." Civ. R. 1(C)(7).

Our review of R.C. Chapter 3111 indicates that none of the statutes therein provides for procedure by either a general

or specific reference to the statutes governing procedure in civil actions.

It follows, therefore, that there is no authority for a summary judgment proceeding pursuant to Civ. R. 56 in a bastardy action. This conclusion is especially bolstered by the fact that the time for filing a motion for summary judgment is determined by the expiration of the time for the filing of a responsive pleading. (See Civ. R. 56[A].) The statutorily required plea of "not guilty," necessary before trial, does not, in our opinion, comport with the pleading constituting an answer under Civ. R. 7(A).

It should be noted also that all the statutes which formerly authorized summary judgments have been repealed.

For all of the above reasons, we hold that a motion for summary judgment does not lie in a paternity proceeding in juvenile court.

In the instant case, the trial court granted summary judgment on the issue of paternity against the defendant. The order of the trial court has been appealed, and the appellant assigned as error that:

"Error in the granting of Plaintiff-Appellee's Motion for Summary Judgment on the evidence presented in support thereof."

For the reasons noted earlier, the trial court was without authority to consider a motion for summary judgment, there being neither rule nor statutory authority for such a motion in a paternity proceeding.

Secondly, and assuming, *arguendo,* that motions for summary judgment within the meaning of Civ. R. 56 are authorized in such proceeding, the trial court clearly used unauthorized evidence as limited by Civ. R. 56(C).

The judgment entry stated the cause came on for hearing on plaintiff's motion for summary judgment. The order went on to say:

"On hearing the evidence, the court found there to be no genuine issue of fact and the plaintiff is entitled to judgment as a matter of law.

"Plaintiff produced a certified birth certificate recording the birth of her child, Alisa Marie DeSalvo, and plaintiff has testified under oath that she was and is an unmarried woman, which evidence is uncontradicted."

In-court testimony as a basis for rendering a summary judgment is not permitted under the rule.

For reasons noted, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

COOK and DAHLING, JJ., concur.