THE STATE EX REL. FOWLER, APPELLANT, *v.* SMITH, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357.]

(No. 92–2611—Submitted December 7, 1993—Decided February 23, 1994.)

*Lester S. Potash,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Patrick J. Murphy,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* Appellant's first proposition of law asserts that the parties to a parentage action may stipulate the dismissal of the litigation pursuant to Civ.R. 41(A)(1)(b), and appellant's second proposition of law asserts that a stipulation for dismissal, once filed, divests the trial court of jurisdiction in the dismissed matter. Both propositions attack the court of appeals' determination that appellant was

not entitled to a writ of prohibition against Judge Smith to prevent him from exercising jurisdiction in the underlying parentage action.

To obtain a writ of prohibition, relator must prove (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 334, 336–337, 617 N.E.2d 1120, 1123, at fn. 2. When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction. *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100, 1101.

Appellant claims that the January 16, 1992 dismissal, which predated the journalization of the adjudication of paternity, was properly filed pursuant to Civ.R. 41(A)(1)(b) and ended Judge Smith's jurisdiction over the case. Civ.R. 41(A) provides:

"(1) By plaintiff; by stipulation. * * * [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * * or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice * * *.

"(2) By order of court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."

Appellant initially claims that the stipulated dismissal was pursuant to Civ.R. 41(A)(1)(b), which does not require court approval, although the filed stipulation expressly stated that it was "pursuant to Civil Rule 41(A)(2)," which requires court approval prior to dismissal. Judge Smith noted in his journal entry which "overruled" the stipulated dismissal that it was based on Civ.R. 41(A)(2). Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. *Center Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 313, 31 OBR 587, 590, 511 N.E.2d 106, 109. Since any error in the court's not honoring the particular dismissal provision being relied upon by appellant was induced by his own assent to the wording of the stipulation of dismissal, he arguably cannot now claim in an extraordinary writ case that it was actually a Civ.R. 41(A)(1)(b) dismissal.

However, the juvenile court has never entered a final order in the paternity action—apparently the issue of past child support remains pending—and Civ.R. 41(A)(1)(b) allows a dismissal by stipulation at any time before final judgment is rendered. McCormac, Ohio Civil Rules Practice (2 Ed.1992) 354, Section 13.05.

Therefore, appellant apprised the trial court of the parties' actual basis for dismissal in a timely fashion, *i.e.*, prior to its entry of final judgment in the paternity action. Under these circumstances, and emphasizing the court of appeals' nonreliance on the invited-error doctrine, we find that appellant timely asserted and did not waive a right to dismiss under Civ.R. 41(A)(1)(b). Civ.R. 1(C)(7) provides that the Rules of Civil Procedure shall not apply to special statutory proceedings to the extent that they would by their nature be clearly inapplicable. Proceedings in the juvenile division, including parentage actions, are special statutory proceedings pursuant to Civ.R. 1(C)(7). See, *e.g., DeSalvo v. Sukalski* (1983), 8 Ohio App.3d 337, 8 OBR 448, 457 N.E.2d 349; *Abbott v. Potter* (1992), 78 Ohio App.3d 335, 604 N.E.2d 804; 4 Harper, Anderson's Ohio Civil Practice (1987) 57, Section 147.04(g) (proceedings in the juvenile division are the least amenable to coverage by the Civil Rules). Therefore, the Rules of Civil Procedure apply except to the extent they would be clearly inapplicable.

Parentage actions are "governed by the Rules of Civil Procedure unless a different procedure is specifically provided by" R.C. 3111.01 to 3111.19. R.C. 3111.08(A); Baldwin's Ohio Domestic Relations Law (1992) 55, Section T 3.04(C). R.C. 3111.19 allows parties to a parentage action to enter a compromise agreement, but only under specified circumstances. See *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 483, 597 N.E.2d 1137, 1139, fn. 4. It provided:

"After an action has been brought and before judgment, the alleged father and mother may, *subject to approval of the court,* compromise the action by an agreement in which the parent and child relationship is not determined but in which a specific economic obligation is undertaken by the alleged parent in favor of the child. In reviewing the obligation undertaken by the alleged parent, the court shall consider the interest of the child, the factors set forth in division (E) of section 3111.13 of the Revised Code [now R.C. 3113.215(B)(3)], and the probability of establishing the existence of a parent and child relationship in a trial." (Emphasis added.) Am.Sub.H.B. No. 245, 139 Ohio Laws, Part I, 2170, 2190.

Appellant relies on *James v. Elward* (Jan. 22, 1991), Ross App. No. 1630, unreported, 1991 WL 13822, in support of his contention that R.C. 3111.19 does not prevent the parties from stipulating to dismissal of the parentage action pursuant to Civ.R. 41(A)(1)(b). However, the *James* court failed to consider the interplay between Civ.R. 1(C)(7), R.C. 3111.08(A), Civ.R. 41(A)(1)(b) and R.C. 3111.19. Conversely, the court of appeals in this case and the Stark County Court of Appeals in *Davidson v. Dawkins* (Apr. 13, 1987), Stark App. No. CA–7057, unreported, 1987 WL 9961, both recognized that voluntary dismissal under Civ.R. 41(A) does not apply to parentage actions in light of R.C. 3111.19. In the cogent rationale of the Cuyahoga County Court of Appeals in the case at bar, "[s]ince the paternity statutes specifically require a judgment regarding the

existence or nonexistence of the father-child relationship unless a compromise is reached between the mother and the alleged father with approval of the court prior to a judgment, the different procedure, according to R.C. 3111.08(A), supersedes the voluntary dismissal provisions of Civ.R. 41(A)." This is the more logical conclusion.[1]

Accordingly, since R.C. 3111.19 supersedes Civ.R. 41(A) here, Judge Smith retained jurisdiction over the parentage proceeding. Therefore, because Judge Smith's exercise of jurisdiction was authorized by law, i.e., R.C. 3111.19, the court of appeals properly dismissed the prohibition action.

Appellant's third proposition of law asserts that where the trial court, without jurisdiction or authority to do so, enters orders affecting former litigants' rights, a writ of mandamus will issue to the clerk of court to strike or remove such orders from the court records. This relates to appellant's mandamus claim against Judge Harris in his capacity as *ex officio* clerk of the juvenile division. However, as appellant admits in his brief on appeal, if he is not entitled to a writ of prohibition against Judge Smith, he is not entitled to a writ of mandamus against Judge Harris. Therefore, because the court of appeals correctly denied the prohibition claim, the court also correctly denied appellant's mandamus action against Judge Harris. Finally, although appellant's complaint below included a mandamus claim against the county prosecutor, he fails to assert in his propositions of law that the court of appeals erred in denying that claim.

Accordingly, for the foregoing reasons, the judgment of the court of appeals denying appellant's complaint for writs of prohibition and mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

---

1. Appellant does not assert any issue under *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789. See, *e.g.,* paragraph two of the syllabus (Civil Rules control over subsequently enacted inconsistent statutes purporting to govern procedural matters). Although R.C. 3111.19 was enacted after the Civil Rules were adopted, there is no conflict because "procedural statutes governing special statutory proceedings remain effective if a court, pursuant to Civ.R. 1(C), determines that particular Civil Rules are 'clearly inapplicable.'" Harper, *supra,* at 59, Section 147.05.