OPINION
Plaintiff-appellant Flora M. Tegel (Tegel) appeals from the order of the trial court entering judgment on the jury verdict in favor of Tegel and against defendant-appellee Kamalendra Parikh (Parikh) in the amount of $1,000. For the following reasons, we reverse the judgment of the trial court, vacate the jury verdict, and remand this case for a new trial.
On January 17, 1997, Tegel and Parikh were involved in a relatively minor automobile accident. Tegel claims that she incurred $1,826 in medical expenses as a result of the subject rear-end collision. On August 18, 1998, Tegel and her husband, Paul Tegel, filed a complaint against Parikh in the Cuyahoga County Court of Common Pleas.[1]
The court commenced the jury trial of this matter on May 10, 1999. After deliberation, the jury returned a verdict in favor of Tegal and against Parikh in the amount of $1,000. In a journal entry filed on May 12, 1999, the court entered judgment on the verdict. Therefrom, on June 10, 1999, Tegel filed a timely notice of appeal with this court.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO GIVE IN ITS GENERAL CHARGE TO THE JURY AN INSTRUCTION AS TO COLLATERAL BENEFITS, AS REQUESTED IN PLAINTIFF'S SPECIAL REQUESTS IN WRITING TO CHARGE THE JURY, AS PREJUDICIAL EVIDENCE THEREOF WAS ADMITTED.
In her fourth assignment of error, Tegel asserts that the trial court committed prejudicial error when it rejected her proposed jury charge pertaining to the collateral source rule ("Special Instruction No. 2").[2] Tegel maintains that the trial court should have instructed the jury to disregard any evidence of her health insurance coverage. We will address this assignment of error first because it is determinative of the instant appeal.
Pursuant to Civ.R. 51(A), Tegel filed a written request with the trial court for a proposed jury charge regarding the collateral source rule at the close of evidence. (Tr. 141.) The trial court summarily rejected Tegel's Special Instruction No. 2. (Tr. 142.) During its charge to the jury, the trial court did not instruct the jury concerning the collateral source rule. (Tr. 173-184.) Before the jury retired, Tegel preserved her objection for appeal. (Tr. 185.) See Civ.R. 51(A).
Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. Tegel's requested jury instruction on the collateral source rule was a correct statement of law and, therefore, the trial court should have relayed Special Instruction No. 2 to the jury.
The common law collateral source rule provides that "evidence of compensation from collateral sources is not admissible to diminish the damages for which a tort-feasor must pay for his negligent act." Pryor v. Webber (1970), 23 Ohio St.2d 104, paragraph two of the syllabus.[3] Evidence of collateral benefits has the natural tendency to prejudice the jury and influence their verdict. Pryor, at 116. Accord Thompson v. Shaffer (Sept. 30, 1991), Trumbull App. No. 90-T-4469, unreported ("The Pryor decision indicates that the admission of evidence in violation of the collateral source rule by its nature prejudices the jury and can be cured only by requiring a new trial.").
The introduction of evidence with respect to health care insurance coverage or other collateral benefits may be cured by a cautionary jury instruction. Aerosol Systems, Inc. v. Wells Fargo Alarm Services (1998), 127 Ohio App.3d 486. However, the trial court did not provide the jury with any instruction pertaining to evidence of collateral benefits.
On appeal, Parikh does not defend the absence of a jury instruction regarding the collateral source rule. Instead, Parikh argues that Tegel invited the error by introducing billing records from her health care insurance provider. Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 254, citing State ex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357,359.
As Tegel notes, Parikh interjected the subject of Tegel's health care coverage in the defense's opening statement (Tr. 18) and during the cross-examination of Tegel (Tr. 55). By the time Tegel submitted Plaintiff's Exibit 1," which evidenced that a portion of her medical bills were covered by health insurance, the damage had already been done. Parikh, not Tegel, induced the necessity for a cautionary charge concerning evidence of collateral benefits. Therefore, we find that the invited-error doctrine does not apply.
Based upon the foregoing, we find that the trial court committed an abuse of discretion to the prejudice of Tegel when it refused to instruct the jury regarding evidence of collateral benefits. Therefore, we vacate the jury verdict and remand this case for a new trial.
 I. WHERE THE EXISTENCE OF PHOTOGRAPHS OF PLAINTIFF'S CAR TAKEN BY DEFENDANT'S INSURANCE REPRESENTATIVE WAS AT ISSUE, TO SHOW EXTENT OF DAMAGE ALSO AT ISSUE, THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO PERMIT PLAINTIFF TO INTRODUCE INTO THE EVIDENCE TESTIMONY OF THE PROPERTY DAMAGE ADJUSTER FROM DEFENDANT'S INSURANCE COMPANY TO SHOW THE FACT THAT HIS CLAIMS INSTRUCTION SHEET, WHICH REQUIRED PHOTOGRAPHS OF PLAINTIFF'S CAR TO BE TAKEN TO DOCUMENT THE EXTENT OF THE DAMAGE TO HER CAR, WAS DESTROYED IN APRIL, 1999, JUST PRIOR TO TRIAL.
 II. CONSEQUENTLY, THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO GIVE IN ITS GENERAL CHARGE TO THE JURY AN INSTRUCTION AS TO THE ADVERSE INFERENCE THE JURY COULD MAKE FROM THE FACT THAT SUCH CLAIMS INSTRUCTION SHEET HAD BEEN DESTROYED BY DEFENDANT'S REPRESENTATIVE, THE ADVERSE INFERENCE BEING THAT SUCH EVIDENCE WOULD BE UNFAVORABLE TO DEFENDANT BASED ON THE DOCTRINE OF SPOLIATION.
 III. THE TRIAL COURT ERRED IN ADMITTING OVER PLAINTIFF'S OBJECTION AND DENYING PLAINTIFF'S MOTION TO STRIKE A LINE OF QUESTIONING WHICH CONSTITUTED INADMISSIBLE AND PREJUDICIAL IMPEACHMENT OF THE PLAINTIFF WITH DEPOSITION TESTIMONY THAT WAS NOT INCONSISTENT WITH PLAINTIFF'S TRIAL TESTIMONY.
 V. THE VERDICT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE, PARTICULARY BECAUSE THE AMOUNT OF THE VERDICT WAS LESS THAN THE UNCONTROVERTED SPECIAL DAMAGES.
The disposition of Tegel's fourth assignment of error renders her remaining assignments of error moot. App.R. 12(A)(1)(c). The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ LEO M. SPELLACY, JUDGE
TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J. CONCUR
[1] During trial, Paul Tegal voluntarily dismissed his loss of consortium claim against Parikh.
[2] Special Instruction No. 2 stated:
 The fact that the plaintiff, Flora Tegel, may or may not have received monetary benefits from health insurance as a result of her claimed injuries has not been submitted to you and may not be considered by you in determining whether to award compensatory damages to the plaintiff or considered by you in determining the amount of any such damages.
[3] In 1997, the General Assembly enacted Am.Sub.H.B. No. 350, in part, to amend R.C. 2317.45 and abrogate the common law collateral source rule. However, in State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, the Supreme Court of Ohio held that the amended version of R.C. 2317.45
violated due process. Id. at 479-482, reaffirming Pryor, supra.