OPINION
Defendant-appellant, Darl G. Fuller, appeals the judgment of the Franklin County Court of Common Pleas, convicting him of theft and sentencing him to eleven months imprisonment. The Franklin County Grand Jury indicted appellant on one count of theft, in violation of R.C.2913.02, a fifth-degree felony. The charge arose out of events that took place at Ohio State University Hospitals East on April 28, 2000. Appellant pled not guilty to the charge, and a jury trial commenced.
Desiree Weber, a secretary at the hospital, testified at trial on behalf of plaintiff-appellee, the state of Ohio. Weber testified that, on April 28, 2000, she saw appellant walk past her office toward an area that is off-limits to unauthorized persons. Weber noted that she knew appellant was not an employee of the hospital because he was wearing no uniform or employee badge. Weber also recalled appellant looking disheveled and reeking of alcohol.
According to Weber, appellant had nothing in his hands when he entered the unauthorized area. Weber testified that, moments later, appellant returned with two boxes. Weber confronted appellant, and he responded "management," and then "maintenance" and "working for administration." Weber asked appellant to go to her office and he complied. While in the office, Weber called for a supervisor. While Weber was on the phone, appellant put one box down and turned to leave with the other. Weber told him to stop, but appellant eventually put the second box down and left the office. One or two minutes later, Jack Boyles, director of facilities services, arrived at Weber's office with Vern Keefus, another hospital employee. Weber described the situation, and Boyles and Keefus left to search for appellant.
Boyles testified next on behalf of appellee. According to Boyles, he and Keefus and a security officer searched the area for appellant. Boyles asserted that they found appellant within three or four minutes of talking to Weber. When they apprehended him, appellant pulled out a can of mace, but they "stepped up to him" and he handed it over. Boyles verified that the boxes were the property of the hospital. Boyles noted that inside one of the boxes was a drill set and inside the other box was a hydraulic punch set. He also indicated that he never gave appellant permission to use the boxes. Finally, Boyles testified that the replacement value of the drill set is $262.75, and the replacement value of the punch set is $762.50. Boyles indicated that his testimony on the value of the tools was based on information in a tool catalogue.
When Keefus testified at trial, he confirmed the events leading up to the apprehension of appellant. Keefus also verified that appellant reeked of alcohol. The jury found appellant guilty of the theft charge and further found that the value of the property involved in the theft exceeded $500. Subsequently, the trial court sentenced appellant to eleven months imprisonment.
Appellant appeals, raising four assignments of error:
Assignment of Error One:
EVIDENCE AGAINST THE DEFENDANT WAS INSUFFICIENT TO CONVICT HIM.
Assignment of Error Two:
 APPELLANT WAS DENIED A FAIR TRIAL AS A RESULT OF THE FAILURE OF HIS TRIAL COUNSEL TO OFFER EVIDENCE OR ASK FOR JURY INSTRUCTION AS TO VALUE.
Assignment of Error Three:
 THE TRIAL COURT ERRED AND IMPOSED SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.12.
Assignment of Error Four:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO INSTRUCT THE JURY ON VOLUNTARY INTOXICATION.
In his first assignment of error, appellant contends that his theft conviction is based on insufficient evidence. We disagree.
Sufficiency of evidence is the legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing whether a verdict is supported by sufficient evidence, an appellate court examines the evidence in the light most favorable to the prosecution and concludes whether any rational trier of fact could have found essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, at 273.
Here, as noted above, appellant was convicted of one count of theft, in violation of R.C. 2913.02, as a fifth- degree felony. To convict appellant of theft, appellee had to prove that appellant, with purpose to deprive the owner of property, knowingly obtained or exerted control over the property without the consent of the owner or person authorized to give consent. R.C. 2913.02(A)(1). To qualify the offense as a fifth-degree felony, appellee also had to prove that the value of the property involved in the offense was $500 or more. R.C. 2913.02(B)(2).
The record demonstrates that appellant walked, empty-handed, into a part of a hospital that was off-limits to unauthorized persons, such as himself. Appellant left the unauthorized area with two boxes containing tools that belonged to the hospital. Appellant had no authority to exert control over the tools, and he was never given permission to take the tools. After Weber confronted appellant, he attempted to flee the area. When the other hospital personnel approached appellant to apprehend him, appellant pulled out a can of mace.
Viewing the above evidence in favor of appellee, we conclude that a rational juror could have found all the essential elements of theft beyond a reasonable doubt. Furthermore, a rational juror could have found beyond a reasonable doubt that the value of the property subject to the theft offense exceeded $500. The determination of value of property for theft offenses is codified in R.C. 2913.61(D):
 The following criteria shall be used in determining the value of property or services involved in a theft offense:
* * *
 (2) The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or a vocation of its owner, * * * and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing the property with new property of like kind and quality.
Furthermore, if, as in this case, more than one item of property is involved in the theft offense, value is based on "the aggregate value of all property" involved in the offense. R.C. 2913.61(B).
Here, Boyles testified that the aggregate replacement value of the property involved in the theft offense exceeded $1,000. In particular, Boyles stated that the value of the hydraulic punch set is $762.50 and the value of the drill set is $262.75.
Accordingly, we conclude that appellant's conviction is based on sufficient evidence. As such, we overrule appellant's first assignment of error.
In his second assignment of error, appellant contends that he received ineffective assistance of counsel through his trial counsel's failure to either ask for a jury instruction regarding the actual value of the tools or to offer evidence on the value of the tools. We disagree with appellant's contentions.
The United States Supreme Court set forth the test for determining whether a defendant received ineffective assistance of counsel in Strickland v. Washington (1984), 466 U.S. 668. First, the defendant must show that, in light of all the circumstances, counsel's performance was outside the range of professionally competent assistance and, thus, was deficient. Id. at 687. Second, the defendant must show that he or she was prejudiced by such deficient performance. Id. A defendant was prejudiced by his or her trial counsel's performance if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.
As noted above, appellant contends that his trial counsel should have offered evidence on the value of the tools subject to the theft offense. However, nothing in the record, beyond appellant's own speculation, indicates that he would have been able to prove that the aggregate value of the tools is below $500. Thus, appellant has failed to demonstrate that the outcome of the trial would have been different had his counsel offered evidence on the value of the tools.
Appellant also contends that his trial counsel was ineffective in failing to ask for a jury instruction on the actual value of the tools. However, as noted above, the value of the property subject to appellant's theft offense is based on its replacement value. Thus, appellant has failed to demonstrate that his counsel was deficient in not asking for a jury instruction on the actual value of the tools. As well, appellant has failed to demonstrate that he was prejudiced by his counsel not asking for such an instruction.
Accordingly, we conclude that appellant did not receive ineffective assistance of counsel when his trial counsel offered no evidence on the value of the tools subject to the theft offense, or when his trial counsel made no request for a jury instruction on actual value. As such, we overrule appellant's second assignment of error.
In his third assignment of error, appellant contends that the trial court erred in imposing the eleven-month term of imprisonment without specifically referring to any of the sentencing factors contained in R.C.2929.12. We disagree.
R.C. 2929.12 contains the seriousness and recidivism factors that a trial court must consider when sentencing a defendant for a felony offense. Here, the record refutes appellant's contention that the trial court failed to refer to the sentencing factors in R.C. 2929.12. The record is replete with the trial court's references to the applicable seriousness and recidivism factors. As an example, the trial court referred to appellant's extensive criminal history, a requisite recidivism factor.
Accordingly, appellant has failed to demonstrate error in the trial court's sentencing, and we overrule his third assignment of error.
In his fourth assignment of error, appellant contends that the trial court erred in failing to instruct the jury on voluntary intoxication. We disagree.
The trial court offered to give an instruction on voluntary intoxication. However, after a colloquy with appellant and his counsel, appellant refused the offer. Thus, appellant invited any error on this issue and may not claim the trial court erred in failing to give the instruction. See State ex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357,359. Accordingly, we overrule appellant's fourth assignment of error.
In summary, we overrule appellant's first, second, third and fourth assignments of error. As such, we affirm the judgment of the Franklin County Court of Common Pleas.
TYACK and LAZARUS, JJ., concur.