OPINION
Appellant Phillip Hale appeals the decision of the Belmont County Common Pleas Court, Juvenile Division, which granted permanent custody of his two daughters to the Department of Job and Family Services (DJFS). The first of the five assignments of error stems from the court's refusal to allow Phillip to testify by telephone or to present testimony of himself and others through depositions. A related assignment is counsel's failure to secure the depositions of Phillip and his witnesses. Other assignments appertain to the weight of the evidence concerning whether the children could be placed with their father within a reasonable time, the best interests of the children, and reasonable efforts to reunify the family during temporary custody. For the reasons hereinafter set forth, we find that while the trial court may have had the discretion to deny telephonic testimony and testimony by deposition, the timing of the court's denial left appellant with no opportunity to adequately respond to the proceedings which sought to terminate his parental rights. For the following reasons, this case is remanded for further proceedings regarding Phillip's presentation of his case.
 STATEMENT OF FACTS
Phillip and Kimberly Hale are the parents of Nathan (not the subject of this case), Megan (born February 1988), and Andreas (born March 1990). The Hales divorced in 1996 amidst molestation allegations. Charges were filed against Phillip but dismissed. Soon thereafter, Phillip moved to Arizona then New Mexico and discontinued all contact with his former spouse and their children due to his belief that he was not permitted to contact them.
In January 1999, Kimberly gave voluntary custody of her children to DJFS. In April 1999, the children were adjudicated dependent. Megan and Andreas were returned to Kimberly, while Nathan was placed in a group home. On August 14, 1999, DJFS took emergency custody of Megan and Andreas due to Kimberly's intoxication and her disparaging language directed toward the children. On September 17, 1999, temporary custody was granted to DJFS. Two weeks later, DJFS filed its first motion for permanent custody. A hearing was held in January 2000 where Kimberly asked that a home study be conducted regarding her mother and where Phillip asked that one be conducted regarding himself.
The home study of Kimberly's parents was not approved. The home study of Phillip and his spouse was submitted to the court as incomplete due to his spouse's failure to attend her final interview. We note that this home study was not attempted by the DJFS until ten months after it was ordered due to interstate transfer issues. (Tr. 126). We also note that three months had passed from the initial contact by DJFS for the home study and the date the study was submitted as incomplete.
An extension of temporary custody was granted in June 2000. On January 12, 2001, DJFS filed its second motion for permanent custody, this one required by the fact that the children had been in temporary custody for more than twelve of the past twenty-two months. A hearing date was set for February 22, 2001. Ten days prior to the hearing, Phillip's attorney filed a motion to present Phillip's testimony and the testimony of some of his witnesses by telephone.
At the pretrial hearing the next day, the court took the motion under advisement and asked that law be presented on the motion. The hearing date was changed to March 29. On March 15, Phillip filed a memorandum in support of his motion to present his case by telephone or in the alternative a motion to present his case by deposition.
On March 27, the court filed a judgment entry denying his motion to present his case by telephone but failed to address the alternative motion to present his case by deposition. At the March 29 hearing, Phillip's attorney entered his objection to the court's ruling and asked that after presentation of testimony, the court hold the case open so that Phillip's telephone deposition could be filed. DJFS objected, arguing that Phillip had his chance to file the deposition but instead waited for his motion to be ruled upon by the court. The court refused to allow a deposition to be submitted later.
Various witnesses were presented by DJFS and Kimberly. The court then took the case under advisement, and on April 10, 2001, granted permanent custody to DJFS. Phillip filed timely notice of appeal. Kimberly did not appeal. The appellate briefing was not completed until late September 2001.
 ASSIGNMENT OF ERROR NUMBER ONE
Phillip's first assignment of error contends:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING FATHER'S MOTION TO PRESENT HIS CASE BY TELEPHONE AND/OR IN THE ALTERNATIVE FOR AN ORDER ALLOWING HIS TESTIMONY AND THE TESTIMONY OF HIS WITNESSES TO BE PRESENTED IN DEPOSITION FORM."
In the court's March 27, 2001 denial of Phillip's motion to present telephonic testimony, the court stated "that testimony elicited in this fashion is inherently unreliable since the opposing party's ability to effectively cross-examine the witness is compromised, the ability of the witness to examine documents or physical evidence is nonexistent, and the witnesses' demeanor cannot be viewed by the trier of fact." The court repeated this statement in its April 10, 2001 final judgment entry and also stated that "the parties have had more than ample opportunity to present a deposition of the father's testimony and have failed to do so."
Phillip argues that the trial court should have allowed him to testify by telephone or to present his case through depositions taken over the telephone, especially since the case is one of termination of parental rights where his fundamental rights are at risk. First, Phillip cites Civ.R. 27(A)(4) in support of his argument. However, this rule deals with depositions taken to perpetuate testimony in contemplation of an action. In the case at bar, the action is existing rather than contemplated. Hence, this rule in inapplicable.
Phillip also cites Civ.R. 30 and 32 to support his argument. After commencement of the action, any party may take the deposition of any person, including a party. Civ.R. 30(A). "The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone." Civ.R. 30(B)(6). Thereafter, a deposition intended to be presented as evidence must be filed at least one day before the trial or hearing unless for good cause shown the court permits a later filing. Civ.R. 32(A). A deposition may be used at trial against any party who was represented at the taking of the deposition or who had reasonable notice thereof under the circumstances set forth in Civ.R. 32(A)(1)-(4). The relevant subpart provides:
 "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * (b) that the witness is beyond the subpoena power of the court in which the action is pending or resides outside of the county in which the action is pending unless it appears that the absence of the witness was procured by the party offering the deposition; * * * or (g) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Civ.R. 32(A)(3).
Phillip lived in New Mexico, and he did not "procure" his own absence as a result of this action but rather moved to the southwestern United States five years prior. See DesCamps v. Kripke (Sept. 29, 2000), Lucas App. No. L-99-1411, unreported, 1-2 (holding that a defendant-student in college in Colorado may be voluntarily absent but was not deliberately trying to avoid the court's jurisdiction for Civ.R. 32(A)(3) purposes). Any witnesses that Phillip wished to call also lived outside of the county and were beyond the subpoena power of the court as they lived in either New Mexico or West Virginia. As such, had he presented depositions at least one day before the hearing, the court could not have denied their admission if it applied Civ.R. 32(A)(3)(b). Burnworth v. Ohio BellTelephone Co. (July, 19, 1993), Stark App. No. CA-9066, unreported, 8 (reversing the court's refusal to admit deposition testimony of a deponent who lived out of state); L.P. Gas Ins. Co. v. Miller (Mar. 5, 1985), Seneca App. No. 13-83-7, unreported, 3 (finding it was prejudicially erroneous to overrule a motion to use depositions at trial where one deponent lived out of county and one lived out of state). Under this Civ.R. 32(A)(3)(b) analysis, we need not reach the exceptional circumstances factor in Civ.R. 32(A)(3)(g). We should also note that using Civ.R. 32(A)(3)(b) does not require an evaluation of the interests of justice or the importance of live oral testimony as does the use of Civ.R. 32(A)(3)(g).
Although Phillip did not present depositions at least one day prior to the hearing, the court could still allow their presentation at a later time for good cause shown. In determining whether good cause was shown, we must first remember that Phillip had a motion pending, which he filed less than one month after being served with the second permanent custody motion. In said motion, Phillip requested that he be permitted to present telephonic testimony. The motion, however, was not denied until two days before the hearing (and forty-two days after it was filed). He also had a motion pending asking the court to allow him to present his case by deposition; said motion was not ruled upon until at the hearing. We further reiterate that, pursuant to Civ.R. 30(B)(6), a telephone deposition may not be filed unless the other parties stipulate in writing or the court grants the movant's motion. Hence, it was reasonable to wait for the court to rule on the motion.
Although the parties do not raise this issue, the Civil Rules may not be wholly determinative herein. The present case is a special statutory proceeding which occurred in juvenile court. See State ex rel. Fowler v.Smith (1994), 68 Ohio St.3d 357, 360. The Civil Rules do not apply to procedure in special statutory proceedings to the extent that the rules would be clearly inapplicable. Civ.R. 1(C)(6). In other words, the Civil Rules are applicable where they are not clearly inapplicable. Under the analysis infra, the aforementioned Civil Rules do not appear to be clearly inapplicable to the presentation of depositions.
The Juvenile Rules prescribe the procedure to be followed in all juvenile courts with certain exceptions not applicable herein. Juv.R. 1(A) and (C). Under the Juvenile Rules, the only mention of depositions occurs in Juv.R. 25 which provides that "[t]he court upon good cause may grant authority to take the deposition of a party or other person upon such terms and conditions and in such manner as the court may fix." The Juvenile Rules do not mention telephone depositions or the use of depositions at trial (with the exception of those cases where special circumstances exist concerning a child victim who can testify by video-deposition).
Pursuant to Juv.R. 45(B), if no procedure is specifically prescribed by the Juvenile Rules or local rule, the court shall proceed in any lawful manner not inconsistent with the Juvenile Rules or local rule. This implies that the juvenile court can follow the procedure in the Civil Rules or can proceed in some other reasonable manner. It should also be noted that Juv.R. 27, dealing with hearings in general, allows the juvenile court to conduct its hearings "in an informal manner." See, also, R.C. 2151.35(A)(1). This implies that the procedure in the Civil Rules would be a strict starting point from which a juvenile court can deviate for purposes of leniency.
One of the court's reasons for refusing to allow depositions to be admitted after trial was that Phillip had ample opportunity to be deposed and submit his deposition. However, it seems unreasonable for a party to depose themselves if they had a motion pending seeking court-approval of telephonic testimony or presentation of the case by deposition. If the court grants the first branch of the motion, then the expense of the deposition was for nothing. If the court denies both branches, then the expense of the deposition was for nothing.
The court ruled on the first branch of the motion two days before trial; even assuming Phillip had immediate notice of the denial, he could not have arrived in Ohio in time for the hearing as the drive from New Mexico would take at least two days. The second branch was not denied until the day of trial. Had the court timely denied the live telephonic testimony motion[1] and ruled that depositions could be used at trial if filed before trial, then Phillip could have been deposed and his deposition could have been filed. Additionally, if the court had timely denied both branches of the motion, Phillip may have traveled to Ohio to present live testimony.
Applying either the Juvenile Rules or the Civil Rules, it appears to this court that Phillip had good cause for failing to file his and any witnesses' depositions prior to trial. Accordingly, we hereby find that the untimely denial of Phillip's motions prejudiced any ability to present a case in opposition to the state's motion for permanent custody. Permanent custody is a drastic measure which requires adherence to the standards of due process. Phillip's fundamental rights are at stake. Although we have little sympathy for a father who withholds contact and support for five years, that father who was made a party to these proceedings by the state must be given notice and an opportunity to explain his absence and present his case. As such, we are compelled to remand this case for further proceedings which timely provide Phillip with an opportunity to present his case.
For the forgoing reasons, this case is hereby remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., and DeGenaro, J., concurs.
[1] We note that Fed.Civ.R. 43(A) allows telephone testimony for good cause shown in compelling circumstances and upon appropriate safeguards. Due to the informality allowance of the Juvenile Rules, it appears that a juvenile court could allow live telephonic testimony but need not.