This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} Appellant, the Summit County Children Services Board ("CSB"), appeals from a decision of the Summit County Court of Common Pleas, Juvenile Division, which found that CSB used reasonable efforts to facilitate the adoption of the child D.C. except for the time period of April 2001 to October 2001. We dismiss the appeal for lack of jurisdiction.
 I. {¶ 2} In November 1998, CSB was granted permanent custody of D.C. The mother of D.C. filed an appeal from that judgment, and this Court dismissed that appeal in January 2000, making D.C. available for adoption. Since the time that CSB was granted permanent custody, the Citizens' Review Board ("Review Board") has held six review hearings, pursuant to R.C. 2151.417. At issue in this appeal is the October 16, 2001 review hearing, wherein the Review Board failed to find that CSB had used reasonable efforts to facilitate the adoption of the child since January 16, 2001.
 {¶ 3} CSB filed an objection to the decision of the Review Board, and a hearing was held before the juvenile court. The court found that CSB had used reasonable efforts to facilitate the adoption of D.C. except for the time period of April 2001 to October 2001. This appeal followed.
 II. {¶ 4} Before reaching the merits of this appeal, we must determine whether this Court has jurisdiction to review the order from which CSB appeals. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
 {¶ 5} R.C. 2505.02 provides, in pertinent part:
 {¶ 6} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 8} A special proceeding is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Proceedings in juvenile court, brought pursuant to R.C. Chapter 2151, are special statutory proceedings. See State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 360; Polikoff v. Adam (1993), 67 Ohio St.3d 100. Accordingly, an order made in such a proceeding is a final order as long as it affects a substantial right. A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce orprotect." (Emphasis added.) R.C. 2505.02(A)(1). "A substantial right is, in effect, a legal right that is enforced and protected by law." Statev. Coffman (2001), 91 Ohio St.3d 125, 127, citing Cleveland v.Trzebuckowski (1999), 85 Ohio St.3d 524, 526.
 {¶ 9} On March 21, 2002, this Court issued an order requiring CSB to file a memorandum explaining why the appeal should not be dismissed for lack of a final, appealable order. CSB filed a memorandum in response to that order, asserting that the order from which it appeals affects a substantial right, in that in order to be eligible for federal funding for the reimbursement of placement costs for a child in foster care, CSB must meet its statutory duty to make reasonable efforts to facilitate a permanent plan for a child in its care. CSB argues that, therefore, a finding that it did not make reasonable efforts renders it ineligible for these funds, which CSB asserts it has a right to receive. CSB relies upon Title IV-E of the Social Security Act, Title 42, Sections 670-679, U.S. Code, and 45 C.F.R. 1356.21 in support of its argument.
 {¶ 10} 45 C.F.R. § 1356.21(b)(2)(i) provides that the state agency must obtain a judicial determination that the agency used reasonable efforts to finalize a permanency plan for a child in foster care at least once every twelve months. If such a judicial determination is not made, the child becomes ineligible under Title IV-E, and remains ineligible until such a determination is made.45 C.F.R. § 1356.21(b)(2)(ii). Title 42, Sections 670-679, U.S. Code generally establish the appropriation of federal funds for states which maintain programs for foster care maintenance and adoption assistance payments.
 {¶ 11} None of the authorities cited by CSB provides that CSB has any right to recover reimbursement costs. CSB further fails to cite to any authority which grants CSB the right to enforce or protect any such legal right, nor has our research uncovered any such provision. Consequently, we find that the order from which CSB appeals does not affect a substantial right. Accordingly, we dismiss the appeal for lack of jurisdiction.
CARR, J. and WHITMORE, J., CONCUR