[Cite as *State v. Rogers*, 2017-Ohio-7972.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00227 |
| LEEROY WILBERT ROGERS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal appeal from the Stark County Court of Common Pleas, Case No. 2015CR1616


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    September 29, 2017


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JOHN D. FERRERO
Stark County Prosecutor
BY: DENNIS E. BARR
TONI BETH SCHNELLINGER
Assistant Prosecuting Attorney
110 Central Plaza South – Suite 510
Canton, OH 44702

ANTHONY KAPLANIS
701 Courtyard Centre
116 CLEVELAND AVENUE N.W.
Canton, OH  44702

*Gwin, P.J.*

{¶1}  Appellant Leeroy Wilbert Rogers ["Rogers"] appeals his conviction and sentence after a negotiated guilty plea in the Stark County Court of Common Pleas.

*Facts and Procedural History*

{¶2}  Rogers was accused of kidnaping and killing Kimberly Clupper and Kendra Carnes.  On or about November 20, 2015, Rogers was indicted on two counts of Aggravated Murder in violation of R.C. 2903.01(B) each with Death Penalty Specification under R.C. 2929.04(A)(5), with Repeat Violent Offender Specification in violation of R.C. 2941.149, and with Firearm Specification in violation of R.C. 2941.145; two  counts of Kidnaping in violation of R.C. 2905.01(A)(3) each with Repeat Violent Offender Specification under R.C. 2941.149 and with Firearm Specification under R.C. 2941.145, and three counts of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2)[1].

{¶3}  Two attorneys, who filed more than fifty pre-trial motions, represented Rodgers.  Numerous pre-trials and hearings were conducted in the case.  An agreement was reached between the State of Ohio and Rogers to resolve this matter, which included the state agreeing to dismiss the death specifications on each of Count 1 and 2. Accordingly, a plea and sentencing hearing was scheduled and held on September 16, 2016.

{¶4}  On Count I (Aggravated Murder), Rogers was sentenced to Life Imprisonment with parole eligibility after serving 25 full years with two years on the Repeat Violent Offender specifications consecutively and a consecutive sentence of three years

---

[1] The parties entered the Stipulated Facts and 36 Exhibits underlying the Indictment into the record. Transcript, *Plea/Sentencing*, filed Mar. 17, 2017 at 75-92.  [Hereinafter "*Plea T.*"].

on the firearm specification. On the second Aggravated Murder charge, Rogers was sentenced to Life Imprisonment with parole eligibility after serving 25 full years with an additional consecutive two years on the Repeat Violent Offender specification. Rogers was sentenced to 11 years on the Kidnaping charge to be served concurrently. No sentence was imposed on the accompanying Repeat Violent Offender specification. A three-year sentence was imposed on the firearm specification to be served concurrently. On the second Kidnaping charge, Rogers was sentenced to 11 years to be served concurrently. No sentence was imposed on the accompanying Repeat Violent Offender specification and the three-year firearm specification was imposed concurrently. Rogers was sentenced to 12 months on each of the three counts of Having a Weapon Under Disability with one of those imposed consecutively and the others concurrently.

{¶5} The total sentence was Life Imprisonment with parole eligibility after 61 years.

{¶6} By Judgment Entry filed January 23, 2017, this Court granted Rogers' pro se motion to file a delayed appeal. Counsel was appointed to represent Rogers in this appeal by the trial court.

*Assignment of Error*

{¶7} Rogers raises one assignment of error,

{¶8} "I. APPELLANT DID NOT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY ENTER HIS PLEA AGREEMENT."

*Law and Analysis*

{¶9} In his sole assignment of error Rogers argues that he did not enter a knowing voluntary and intelligent plea of guilty.

**{¶10}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762(1989). Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily.

**{¶11}** Rogers first contends that at that hearing, one of the first questions addressed to him by the Court was whether he understood his right to a jury trial. At that time, Rogers responded, "I guess I'd say yes to that. Yes." *Plea T.* at 11.

**{¶12}** However, the record discloses the following exchange then occurred,

THE COURT:　　　All right. So I'll ask that question again. Do you understand that you have the right to a trial by jury of 12 people?

THE DEFENDANT:　　　Yes, ma'am.

*Plea T.* at 11. Thereafter, the trial court conducted a lengthy and through explanation of the jury trial procedure in a capital case, explaining the special venire (*Plea T.* at 12 -13); the three juror questionnaires (*Plea T. at* 13-17); challenges for cause and preemptory challenges by both Rogers' attorneys and the state. (*Plea T.* at 18-22). The trial court asked Rogers if he understood how a jury would be selected and he responded that he did. *Plea T.* at 22. The trial court further inquired:

THE COURT: Okay. Do you have any questions specifically right now that you would like to ask about that process?

THE DEFENDANT: No, Ma'am.

*Plea T.* at 22.

**{¶13}** With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda v. United States*, 368 U.S. 487, 497, 82 S.Ct. 510, 515(1962).

**{¶14}** In the case at bar, the trial judge gave Rogers the opportunity to ask questions or bring any concerns to her attention. He did not. In light of the thorough explanation concerning Rogers's right to a jury trial and how that process would procced, we find Rogers suggestion that he did not understand this right to be unsupported by the record.

**{¶15}** Rogers next argues, later in the hearing, the Court asked him if there was any advice his attorneys gave him that he did not understand or that he had concerns about. Appellant responded, "Well, to be truthful, yes, but it's okay." *Plea T.* at 63.

**{¶16}** However, the record reveals the following exchange then occurred,

THE COURT: Okay. Do you want to –I want to give you a moment to talk to them [your attorneys] about what it is that, that –

THE DEFENDANT: I'm okay.

THE COURT:            -- you have a concern about.

THE DEFENDANT:            I'm okay.

THE COURT:         Okay?

THE DEFENDANT: Yes, ma'am.

THE COURT:         Are you sure you don't need a moment?

THE DEFENDANT: I'm good.

THE COURT:         Okay.

*Plea T.* at 63-64.  Accordingly, the trial court specifically asked Rogers if he wanted to elaborate or to discuss the matter with his attorneys.  Rogers did not. Rogers was given several opportunities by the trial judge throughout the hearing to ask questions or raise concerns.  *Plea T.* at 22; 41; 60; 71.  At one point during the hearing, Rogers did ask the court if he could ask his attorneys a question.  *Plea T.* at 41-42.  The trial court permitted Rogers to confer with his attorneys.

{¶17}  In addition, the Criminal Rule 11(C) and (F) plea form signed by Rogers states, "I have consulted with my attorneys and I fully understand and agree to the negotiated plea as set forth above.  I am doing so freely and voluntarily and no promises or threats have been made to me." *Plea T.* at 7-8.

{¶18}  Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make."  *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 1995-Ohio-40, 646 N.E.2d 1115(1995) *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359,1994-

Ohio-302, 626 N.E.2d 950(1994). *See, also, Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943) paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> [t]he law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, quoting *State v. Kollar* (1915), 93 Ohio St. 89, 91, 112 N.E. 196.

{¶19} In the case at bar, the trial judge gave Rogers several opportunities to ask questions or bring any concerns to her attention. He did not. We find Rogers suggestion that he did not understand his rights, or that his plea was involuntary to be unsupported by the record.

{¶20} Rogers' final argument to support that his plea was not entered knowingly, intelligently or voluntarily is that later in the proceedings, when the Court asked his attorneys whether they or Rogers wished to say anything prior to sentencing, his attorneys indicated that they advised Rogers not make a statement and that they had no statement to make on his behalf. *Plea T.* at 98-99.

{¶21} This exchange occurred after Rogers had entered his negotiated guilty plea on the record, after the stipulated facts were read into the record, the Exhibits were

entered into the record and members of the victims' family had spoken. Rogers fails to articulate how his failure to make a statement rendered his previously entered negotiated guilty pleas to not have been entered knowingly, intelligently and voluntarily. The plea agreement, including the sentence was read into the record at the start of the hearing. (*Plea T.* at 5-8). The trial court imposed the agreed upon negotiated sentence on each count.

{¶22} We find Rogers' suggestion that he did not understand his rights or that his plea was involuntary to be unsupported by the record.

{¶23} The transcript of the plea hearing reflects that Rogers indicated in response to the court's questions that his pleas were voluntary, that he understood the nature of the charges and penalties, and the agreement concerning his pleas and sentence. The court further informed Rogers that a guilty plea is a complete admission of guilt, and that upon acceptance the court would proceed to judgment and sentencing. Finally, the record reflects that the court advised Rogers of each of his constitutional rights as set forth in Crim.R.11. The record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) two attorneys were present at the time of the plea; (3) their advice was competent in light of the circumstances surrounding the plea (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both. *See, State v. Piacella,* 27 Ohio St.2d 92, 217 N.E.2d 852(1971), syllabus.

{¶24} Rogers's sole assignment of error is overruled.

{¶25} The judgment of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur