[Cite as *State v. Hopper*, 2018-Ohio-4520.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106668**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHARLES E. HOPPER**, **JR.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-619109-A

**BEFORE:** E.A. Gallagher, A.J., E.T. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 8, 2018

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Ashley Kilbane
　　　Callista Plemel
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Charles Hopper, Jr. appeals his conviction for felonious assault in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

**Facts and Procedural History**

{¶2} On July 14, 2017 Hopper was charged with attempted murder and two counts of felonious assault. The charges stem from an incident at the apartment of Danielle Gerard, Hopper's fiancé, on July 4, 2017. Renee Savage and Jimmie Slaubaugh testified that Hopper struck Stephen Little twice in the side of the head with a baseball bat in the midst of an argument between Little and Savage.

**{¶3}** Following a jury trial, Hopper was found not guilty of the attempted murder charge but guilty of two counts of felonious assault. At sentencing, the trial court merged the two felonious assault charges into a single count and imposed a prison term of seven years.

**Law and Analysis**

**I. Impeachment with a Prior Conviction**

**{¶4}** In his sole assignment of error, Hopper argues that the trial court erred in questioning Danielle Gerard about a 2006 conviction for forgery.

**{¶5}** Gerard was called to testify at trial as a court's witness pursuant to Evid.R. 611(C) and 614(C) because her testimony was expected to contradict prior statements she had made to police. The trial court instructed the parties to propose basic questions for the court to pose to Gerard prior to questioning by the state and defense. Before Gerard was called to testify, the court addressed the list of questions which the parties had presented and inquired into the appropriateness of proposed questions addressing Gerard's 2006 forgery conviction noting that the conviction was from more than ten years prior. The state argued that the probationary period associated with Gerard's conviction must be included in considering its admissibility.

**{¶6}** Pursuant to Evid.R. 609(A)(3) the credibility of a witness may be attacked, subject to Evid.R. 403(B), with evidence that the witness has been convicted of a crime if the crime involved dishonesty or false statement. *Id*. Evid.R.609(B) provides:

(B) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the

court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Evid.R.609 (B).

{¶7} Although the state argues on appeal that Gerard was placed on probation for three years as a result of her 2006 conviction, which would render the conviction admissible under Evid.R.609(B), this fact is not established in the record below. However, after referencing the ten-year rule, the trial court asked Hopper's counsel if he wished to object to the proposed conviction related questions and he declined. In fact, Hopper's counsel affirmed to the court that the questions were appropriate. The trial court then questioned Gerard about the conviction during her trial testimony.

{¶8} A trial court is vested with broad discretion to determine the admissibility of evidence, as long as that discretion is exercised in accordance with the rules of procedure and evidence. *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). We, therefore, will not disturb the trial court's decision to admit or exclude evidence absent an abuse of discretion. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992).

{¶9} By conceding that the questions were appropriate after the court raised the ten-year limitation of Evid.R. 609(B), we find that any error in this instance constitutes invited error.

"'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.'" *State v. Stewart*, 8th Dist. Cuyahoga No. 91199, 2009-Ohio-2384, ¶ 25, quoting *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359, 626 N.E.2d 950 (1994).

{¶10} Even if we were to ignore the doctrine of invited error we would be limited to reviewing the alleged error for plain error due to Hopper's failure to object. However, we cannot say that plain error exists in this instance because the trial court raised the limitations of Evid.R. 609(B) and Hopper's counsel conceded that the conviction was appropriately admitted. This concession obviated any further obligation of the state to make a record of the facts related to Gerard's probation which would render the conviction admissible under Evid.R. 609(B).

{¶11} For the same reasons, we find no merit to Hopper's argument that the state failed to provide him with sufficient advance notice of its intent to impeach Gerard with the conviction. The state provided Hopper with written notice of its intent to use the conviction, the parties had ample opportunity to consider and present arguments pertaining to the conviction's admissibility under Evid.R. 609(B) and Hopper conceded that the conviction was appropriately admitted.

{¶12} We cannot say the trial court abused its discretion in proceeding to question Gerard about the conviction after Hopper conceded the questions were appropriate.

{¶13} Hopper's sole assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellant recover from appellee the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction

having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR