58

**HUGERSHOFF et al.**

v.

**LOECY, Exr.**

Court of Common Pleas of Ohio,
Juvenile Division, Geauga County.

No. 98PN000034.

Decided Sept. 28, 1999.

*Abraham Cantor,* for plaintiffs.

*David E. Lowe,* for estate of Joe Loecy.

CHARLES E. HENRY, Judge.

This matter came on for hearing on the 8th day of July, 1999, on complaints filed by Angela M. Hugershoff and Doris M. Hugershoff requesting that the

court determine the paternity of Angela M. Hugershoff and order the estate of Joe Loecy to pay child support, birthing expenses, and other relief provided for by statute. At a prior hearing, the court found Doris M. Hugershoff and Joe Loecy to be the natural parents of Angela M. Hugershoff, date of birth June 14, 1975. Joe Loecy died on the 4th day of September, 1997. These actions are being brought against his estate.

The court finds that at the time of Angela M. Hugershoff's conception, her mother was married to Peter Hugershoff. Doris M. Hugershoff and Peter Hugershoff were not able to conceive a child as a couple. Doris M. Hugershoff worked part-time as a housekeeper for Joe Loecy. Doris M. Hugershoff and Joe Loecy had an affair that resulted in the birth of Angela M. Hugershoff.

Early on, Joe Loecy, Doris M. Hugershoff, and Peter Hugershoff entered into a mutual understanding that Peter Hugershoff and Doris M. Hugershoff would be permitted to raise Angela M. Hugershoff as their own child without any interference from Joe Loecy. Joe Loecy made no attempt to pursue his rights to participate in Angela M. Hugershoff's child raising. With the exception of a brief period of time when Joe Loecy contributed to Angela M. Hugershoff's educational expenses at Doris M. Hugershoff's request, Doris M. Hugershoff made no attempt to pursue child support for Angela M. Hugershoff until after Joe Loecy's death. Peter Hugershoff acknowledged that he raised Angela M. Hugershoff as his own child and makes no demand from the estate of Joe Loecy for support he freely gave to Angela M. Hugershoff. Peter Hugershoff never petitioned to adopt Angela M. Hugershoff. Joe Loecy's rights and obligations as a parent were never legally terminated by adoption proceedings.

Angela M. Hugershoff was raised in a modest, middle-class home. All of her basic needs were more than met. By contrast, Joe Loecy was a successful commercial real estate developer and businessman. His lifestyle could best be described as affluent, but not extravagant.

In the last years of Joe Loecy's life, Angela M. Hugershoff came into personal contact with Joe Loecy when she was in her late teens and early twenties. She was employed by Joe Loecy sporadically to do housekeeping and odd jobs. Joe Loecy showed a personal interest in Angela M. Hugershoff, although it was not disclosed to her during that time the true nature of their relationship.

Joe Loecy was literally on his death bed when he asked to see Angela M. Hugershoff. Prior to meeting with Joe Loecy, Doris M. Hugershoff disclosed to Angela M. Hugershoff her relationship to Joe Loecy for the first time. Within months of Joe Loecy's death, Angela M. Hugershoff petitioned this court to establish paternity and obtain an order for child support or other relief. Doris M. Hugershoff subsequently intervened in the action to pursue her own claim for child support and other relief.

█ Defendant estate of Joe Loecy raises laches as a bar to Doris M. Hugershoff's pressing a claim for child support and other statutory relief. There are four elements to the equitable defense of laches. They include (1) conduct on the part of the defendant giving rise to the plaintiff's claim for relief, (2) delay by the plaintiff in asserting her claim when she had knowledge of the defendant's conduct and had an opportunity to bring suit, (3) the defendant lacked knowledge that the plaintiff would assert her claim, and (4) the defendant is materially prejudiced by the plaintiff's delay in seeking relief. *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113. The doctrine of laches is applicable to a parentage action. *Wright v. Oliver* (1988), 35 Ohio St.3d 10, 517 N.E.2d 883, syllabus.

█ ·In this case, the doctrine of laches clearly is a bar to Doris M. Hugershoff's pursuing a claim for child support and other statutory relief arising out of a parentage action. Doris M. Hugershoff knew that Joe Loecy was the father of her child and made a decision not to pursue child support from Joe Loecy. Doris M. Hugershoff delayed bringing her suit by over twenty-three years. There was no justification for such a delay, given that she was aware that Joe Loecy was the father of her child, and there were no barriers preventing her from bringing a paternity action sooner. Joe Loecy had every right to believe that no action would be brought against him, given that Joe Loecy, Doris M. Hugershoff, and Peter Hugershoff had a mutual understanding that Doris M. Hugershoff and Peter Hugershoff would be permitted to raise Angela M. Hugershoff as their own daughter without participation or interference from Joe Loecy.

The estate of Joe Loecy was materially prejudiced by Doris M. Hugershoff's delay in pursuing support. Joe Loecy was no longer living at the time the action was brought and was therefore not available to participate in defending against the claim. Joe Loecy's perception of the facts that are inherently intimate, given the nature of these proceedings, is completely lacking due to his unavailability. Also, considerable financial information regarding the parties that would be useful, if not essential, to making a proper determination of support is no longer available due to the passage of time and the unavailability of Joe Loecy.

█ Angela M. Hugershoff's claim for support and other statutory relief is separate and distinct from that of her mother. *Donovan v.· Zajac* (1998), 125 Ohio App.3d 245, 252, 708 N.E.2d 254, 259; *Rees v. Heimberger* (1989), 60 Ohio App.3d 45, 46, 573 N.E.2d 189, 191–192; *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 185, 619 N.E.2d 469, 473–474. When a mother's claim for retroactive child support is barred, it is appropriate for the court to consider the appropriateness of an award of retroactive support directly to the child. *Donovan,* 125 Ohio App.3d at 253, 708 N.E.2d at 259–260. Angela M. Hugershoff's claim is not barred by laches because she did not delay bringing her cause of action unreasonably once she was made aware that Joe Loecy was her birth father.

██ Ohio law does not mandate that a court award child support retroactively from the time paternity is determined. Discretion is left with the court. When determining whether to award retroactive child support, the court is required to consider "all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child." R.C. 3111.13(F)(3).

██ In this case, the only support paid by Joe Loecy was contributions toward the child's Montessori school tuition in the amount of $50 per month for a few months when the child first started attending school. This court, however, finds that there are compelling reasons why this court should not make an award of retroactive support. At the time of Angela H. Hugershoff's birth, the three adults in her life, her father, her mother, and the husband of her mother, made an informed decision that it was in her best interest that she be raised by Doris M. Hugershoff and Peter Hugershoff as if she were their natural child. Throughout her childhood, Peter Hugershoff remained committed to Angela M. Hugershoff and raised her as his daughter. Peter Hugershoff was the primary bread winner for the Hugershoff family and voluntarily contributed a majority of the support for Angela M. Hugershoff. It is support that he freely gave to Angela M. Hugershoff for which he does not seek reimbursement. Angela M. Hugershoff was raised in a middle-class lifestyle with all of her basic needs more than met.

The facts in this case are unique. This is not a case where a single mother acted irresponsibly in failing to seek support for a minor child or where a third party is compelled to provide support to a child living in his home out of necessity because the child is living in his home with the child's mother and the natural father cannot be found and made to pay support. In this situation, Peter Hugershoff and Doris M. Hugershoff could not conceive a child as a couple. When Doris M. Hugershoff became pregnant, the couple elected to raise the child as their own with the natural father's consent. This court will not second-guess the wisdom of that decision.

This court finds no compelling reason to issue an award of retroactive child support to Angela M. Hugershoff. Judgment is issued in favor of the defendant. Costs are assessed to the plaintiffs equally, upon which execution may now issue.

You are hereby notified that on this date a judgment entry was filed that *may* be an "appealable" order.

IT IS SO ORDERED.

*Judgment accordingly.*