DECISION AND JUDGMENT ENTRY
{¶ 1} Linda Sue Sexton and Tierra Dawn Sexton (the Sextons) appeal the Scioto County Common Pleas Court's order that granted Francis Jefferson "Jeff" Conley's motion for summary judgment and denied their request for retroactive child support. First, the Sextons contend motions for summary judgment are inappropriate in paternity actions. To the contrary, motions for summary judgment are appropriate in paternity actions because R.C. 3111.08 provides that the civil rules apply to any action brought under R.C. 3111.01 through 3111.19. Next, the Sextons contend Conley's motion was inappropriate because he did not follow Civ.R. 56(B), which requires a party to obtain leave of court to file a motion for summary judgment when it has set a pretrial hearing or trial date. Here, "leave" was not necessary because the court did not have a pretrial hearing or a trial date set when Conley filed his motion for summary judgment. Finally, they contend the trial court erred as a matter of law in granting Conley's motion when it determined it had no authority to award past due child support to either the mother or an emancipated child in a claim presented after the child reached the age of majority. Under Civ.R. 56(C), trial courts may only grant a motion for summary judgment when the moving party is entitled to judgment as a matter of law. Since, as a matter of law, trial courts may award child support in conjunction with a paternity action that is filed before the child's twenty-third birthday, we must reverse.
 {¶ 2} Linda Sue Sexton gave birth to Tierra Sexton on August 14, 1973. On August 9, 1996, when Tierra Sexton was five days short of her twenty-third birthday, the Sextons filed a timely paternity action against Jeff Conley.[2] As part of this paternity action, the Sextons joined the Ohio Department of Human Services, n.k.a. the Ohio Department of Jobs and Family Services (ODJFS), the Scioto County Child Support Enforcement Agency (CSEA) and the Pike County Department of Human Services (DHS). In their complaint, the Sextons alleged Conley was liable for the support, maintenance and necessities expended on behalf of Tierra Sexton during her minority.
 {¶ 3} The court ordered Conley and Tierra to submit to genetic testing. The test results established a 99.84% probability that Conley was Tierra's father. Conley then stipulated that he was Tierra's father and filed a motion for summary judgment.[3] In the entry granting Conley's motion for summary judgment, the trial court accepted Conley's stipulation to paternity and ordered a corresponding change to Tierra's birth certificate. Moreover, at ODJFS, DHS and CSEA's request, the court dismissed them as parties because they stipulated that they had no cognizable claim at issue. Finally, the court stated, "no authority exists in this instance which allows an award of retroactive support to either the mother, or the emancipated child in this matter, for a claim presented after the child attained the age of majority." Therefore, the court found that as a matter of law, the Sextons could not recover retroactive child support. The Sextons appeal and assign the following errors. FIRST ASSIGNMENT OF ERROR — The trial court erred to the prejudice of the plaintiffs-appellants, and denied the plaintiffs-appellants equal protection of the laws, in overruling the objections of plaintiffs-appellants to the magistrate's decisions filed on October 15, 1998, and on October 26, 2001, respectively, and in confirming said magistrate's decisions, which decisions granted defendant, Francis Jefferson Conley's, motion for summary judgment.SECOND ASSIGNMENT OF ERROR — The trial court erred to the prejudice of the plaintiffs-appellants in overruling the objections of the plaintiffs-appellants to the magistrate's decision filed on October 26, 2001, and in confirming said magistrate's decision, which decision denied the plaintiffs-appellants motion to reconsider and amended motion to reconsider. THIRD ASSIGNMENT OF ERROR — The trial court erred to the prejudice of the plaintiffs-appellants, and abused its discretion, and denied the plaintiffs-appellants equal protection of the laws, in overruling the objections of the plaintiffs-appellants to the magistrate's decision filed on October 26, 2001, and in confirming said magistrate's decision, which decision denied the plaintiffs-appellants request for attorney fees and costs.
 {¶ 4} In their first assignment of error, the Sextons make three arguments; first, they argue motions for summary judgment do not lie in paternity actions. Next, they contend the civil rules required Conley to obtain leave of court before the court could entertain his motion. Finally, they argue that the trial court erred in granting Conley's motion for summary judgment because, once paternity is established, R.C.3111.13 specifically provides for an award of child support.
 {¶ 5} The Sextons rely on DeSalvo v. Sukalski (1983),8 Ohio App.3d 337, 457 N.E.2d 349, for the proposition that motions for summary judgment do not lie in paternity actions. However, DeSalvo
involved a paternity action brought under the bastardy proceedings of former R.C. Chapter 3111. DeSalvo, supra; State ex rel. Drews v. Ambrosi
(Sept. 3, 1998), Cuyahoga App. No. 73761. The current version of R.C. Chapter 3111 includes R.C. 3111.08(A), which provides: "[a]n action brought pursuant to sections 3111.01 to 3111.19 of the Revised Code to declare the existence or nonexistence of the father and child relationship is a civil action and shall be governed by the Rules of Civil Procedure unless a different procedure is specifically provided by those sections." Nothing in R.C. Chapter 3111 provides for a different procedure that would supersede application of Civ.R. 56 in paternity actions. See State ex rel. Drews, supra. Therefore, DeSalvo is inapplicable and a motion for summary judgment is available in paternity actions brought under the current version of R.C. Chapter 3111.
 {¶ 6} The Sextons also claim that summary judgment was inappropriate because Conley did not obtain leave of the court. Civ.R. 56(B) provides in part, "If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Here, the court conducted two pretrial hearings prior to the time Conley filed his motion for summary judgment. However, when Conley filed the motion, the court had no other pretrial hearings or a trial date set. The purpose behind Civ.R. 56(B)'s timing requirement is to avoid delays in the trial court proceedings. See Fink, Greenbaum and Wilson, Guide to the Ohio Rules of Civil Procedure (2001 Ed.) 56-7. Here, even though two pretrial hearings had already occurred, Civ.R. 56(B) does not apply because the court did not have a pretrial hearing or a trial date pending when Conley filed his motion for summary judgment. Thus, there is no risk Conley's motion would delay the proceedings. Nevertheless, even if Civ.R. 56(B) applied in this situation, trial courts may implicitly grant leave of court by entertaining a motion for summary judgment. SeeStewart v. Cleveland Clinic Foundation (1999), 136 Ohio App.3d 244, 254,736 N.E.2d 491. By entertaining Conley's motion, the trial court implicitly granted him leave.
 {¶ 7} Accordingly, we proceed to the merits of the case. We review a trial court's decision to grant summary judgment on a de novo basis.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241. We apply the same standard as the trial court, which is the standard contained in Civ.R. 56. Horsley v. Essman,145 Ohio App.3d 438, 2001-Ohio-2557, 763 N.E.2d 245. Accordingly, we conduct an independent review of the record and afford no deference to the trial court's determination. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1123. Under Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. Grafton, supra.
 {¶ 8} Conley argues that Snider v. Lillie (1997),131 Ohio App.3d 444, 722 N.E.2d 1036, should control the outcome here. _Snider also involved a mother and an adult emancipated child's claim for retroactive child support following a determination of paternity under R.C. Chapter 3111. In Snider, the First District stated, "[f]iling a timely action to determine the existence of a father-child relationship, as was clearly done in this case by both mother and daughter, will not and cannot preserve an untimely claim for support." Id. at 447. TheSnider Court stressed that a parent's duty to support children terminates when the child attains the age of majority. Id. at 448. Therefore, it reasoned that the trial court did not have subject matter jurisdiction to award child support to an adult, emancipated child. Id. Further, theSnider Court stated, "the right to find out who one's father is (or is not) is separate and distinct from the right to support from one's father." Id. at 447. The court went on to state that there are other reasons, apart from seeking support, for establishing paternity, including issues of inheritance and death benefits. Id. Moreover, the court stressed that an eighteen-year-old may not be ready to make a decision regarding establishing paternity and that "five extra years seem a reasonable accommodation to emotional realities." Id. We agree that paternity may be established and/or requested for a variety of reasons, including support. See Hall v. Lalli (Ariz. 1999), 977 P.2d 776, ¶ 13 (stating that a child's interest in establishing paternity include claims to inheritance, medical support, workers' compensation dependent's allowance, veteran's educational benefits, interest in accurate family medical history, establishing familial bonds and learning cultural history, as well as intangible psychological and emotional benefits.).
 {¶ 9} However, we choose to not follow our learned colleagues logic in Snider for several reasons. First, R.C. Chapter 3111 clearly indicates that trial courts have the authority to award child support following a determination of paternity. Park v. Ambrose (1993),85 Ohio App.3d 179, 183, 619 N.E.2d 469. R.C. 3111.05 provides in part, "[a]n action to determine the existence or nonexistence of the father and child relationship may not be brought later than five years after the child reaches the age of eighteen." Therefore, by passing R.C. 3111.05, the legislature has specifically provided for paternity actions by adult emancipated children until their twenty-third birthday. Moreover, R.C.3111.13 details the relief available once a party establishes paternity. R.C. 3111.13(C) provides: "Except as otherwise provided in this section,the judgment or order may contain, * * * any other provision directedagainst the appropriate party to the proceeding, concerning the duty ofsupport, the payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child. After entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for parenting time rights in a proceeding separate from any action to establish paternity. Additionally, if the mother is unmarried, the father may file a complaint requesting the granting of reasonable parenting time rights, and the parents of the father, any relative of the father, the parents of the mother, and any relative of the mother may file a complaint requesting the granting of reasonable companionship or visitation rights, with the child pursuant to section 3109.12 of the Revised Code." [Emphasis Added].
 {¶ 10} Under R.C. Chapter 3111, so long as the child commences the paternity action prior to the twenty-third birthday, a court may award retroactive child support, or any other applicable remedy under R.C.3111.13. Since R.C. Chapter 3111 permits a child support award incident to a paternity action, it appears the legislature did not intend them to be separate and distinct actions. This is especially clear when one reads R.C. 3111.13(C) in its entirety. There, the legislature provided that fathers must initiate separate proceedings to establish parenting rights or custody of the child. Likewise, if the legislature intended that support actions and paternity actions would be separate proceedings, it would have included a statement similar to the one it provided regarding a father's parenting and custody rights. See R.C. 3111.13(C). Accordingly, we conclude that awarding child support after establishing paternity under R.C. Chapter 3111 is not a separate and distinct action.
 {¶ 11} Nevertheless, an award of child support, or any other available remedy, is not mandatory. Rather, the determination of what relief is appropriate, if any, is within the court's discretionary and equitable powers. See State ex rel. Scioto Cty. Child Support EnforcementAgency v. Gardner (1996), 113 Ohio App.3d 46, 56, 680 N.E.2d 221, n. 4;Spires v. Moore (Nov. 24, 1999), Muskingum App. No. CT98-0040; Stricklerv. Carver (Mar. 23, 1992), Washington App. No. 91CA7; Hugershoff v.Loecy (Geauga C.P. Sept. 28, 1999), 103 Ohio Misc.2d 58, 62,725 N.E.2d 378. R.C. 3111.13(B) and (C) contain discretionary, not mandatory language. R.C. 3111.13(F)(2) also requires courts to "consider all relevant factors" when it determines whether to require a parent to pay retroactive child support. Finally, R.C. 3111.13(F)(1) provides that a court must comply with R.C. Chapter 3119 when it deviates from the child support guidelines. R.C. 3119.22 provides that courts must enter findings of fact supporting its determination that a deviation from the child support guidelines is necessary. See, also, Baugh v. Carver (1981),3 Ohio App.3d 139, 140-41, 444 N.E.2d 58. Further, R.C. 3119.23 provides factors courts may consider when deviating from the child support guidelines. For example, the trial court may consider the "financial resources and the earning ability of the child" and "any other relevant factor." See 3119.23(F) and (P). Nevertheless, we reiterate that a child support award following the establishment of a paternity case like this is not mandatory.
 {¶ 12} Moreover, equitable defenses such as laches, res judicata and estoppel apply in paternity actions. See Wright v. Oliver (1988),35 Ohio St.3d 10, 517 N.E.2d 883, syllabus; Park v. Ambrose (1993),85 Ohio App.3d 179, 184, 619 N.E.2d 469. Since we have already held that support awards incident to paternity actions are not separate and distinct actions, equitable defenses are applicable in the support context. In order to alleviate any possible confusion in our earlier decision in Park, supra, we must clarify a point. In Park, we held that the doctrine of laches barred the mother's claim for retroactive child support but that the mother's laches could not bar the daughter's claim. We did not hold that laches was inapplicable to a child's claim for retroactive support. The doctrine of laches may bar a child's claim for retroactive support if the child, by her own inaction, has materially prejudiced the rights of the father. Thus, a court may establish paternity but still refuse to award support when it finds that an equitable defense applies or if it finds that a deviation from the guidelines is necessary.
 {¶ 13} We acknowledge that, generally, a parent's duty to support their children terminates on the child's eighteenth birthday. R.C.3103.031; R.C. 3115.01(A). But, see, R.C. 3109.03 and R.C. 3103.031
(addressing the circumstances when a child support order may be extended beyond the child's eighteenth birthday). Moreover, the language utilized by the legislature implies that the court will make the support order for the current needs of the minor child. R.C. 3111.13(E) and (F); Park,85 Ohio App.3d at 183, n. 4. Therefore, without considering R.C. 3111.05, one could argue that courts have no authority to award an adult emancipated child support when no court made a child support order during the child's minority. However, since the legislature extended the time to file a paternity action beyond the child's eighteenth birthday and permitted a child support order as a remedy once a court established paternity, it appears that the legislature envisioned an award of retroactive child support to an adult emancipated child under R.C. Chapter 3111. See Seegert v. Zietlow (1994), 95 Ohio App.3d 451, 460,642 N.E.2d 697. Other jurisdictions have also allowed child support awards to adult, emancipated children following a determination of paternity. See In re A.P. (Tex.App. 2001), 46 S.W.3d 347; _Phinisee v.Rogers (Mich.App. 1998), 582 N.W.2d 852; Tedford v. Gregory (N.M.App. 1998), 959 P.2d 540; State of New Mexico ex rel. Salazar v. Roybal
(N.M.App. 1998), 963 P.2d 548. But, see, _In re Paternity of Roberta JoW. (Wisc. 1998), 578 N.W.2d 185; _Garrison v. Wood (Okla.App. 1997),957 P.2d 129. While courts have the discretion to make such an award, we foresee that ordering retroactive support after emancipation should only occur in limited circumstances. Such as, where the child has made an honest effort to maintain or establish a relationship with the parent; and in doing so has preserved the parent's right to experience a meaningful child-parent relationship as a compliment to the parent's duty of support.
 {¶ 14} We reverse the court's finding that R.C. Chapter 3111 does not authorize an award of retroactive child support to an adult emancipated child if the claim is made prior to the age of twenty-three. After a court establishes paternity under R.C. Chapter 3111 it may, but is not required to, award support to an adult emancipated child.
 {¶ 15} The Sextons' second and third assignments of error are rendered moot because of our resolution of their first assignment of error.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[2] Ms. Sexton filed a "Bastardy" complaint against Conley in April 1973, alleging that he was the father of her unborn child. However, prior to Tierra's birth, Ms. Sexton voluntarily dismissed the complaint. No court established paternity or ordered Conley to pay child support during Tierra's minority.
[3] This is the second time this case has come before our Court. SeeSexton v. Conley (Aug. 7, 2000), Scioto App. No. 99CA2655. We dismissed the first appeal because the trial court's order, granting Conley's motion for summary judgment was not a final appealable order. The trial court's order is now final and appealable.