JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Harry Ricks, appeals the trial court's denial of his motion to withdraw his guilty plea. Defendant was indicted in six separate cases for a total of thirty-two counts and pleaded guilty to a total of nine counts, one of which was a third degree felony and the rest of which were fifth degree felonies. He entered his plea in December 2002 and filed his motion to withdraw his plea in July 2003.
 {¶ 2} The trial court denied defendant's motion without opinion, and he timely appealed, stating one assignment of error:
I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO WITHDRAW HIS PLEA.
 {¶ 3} Defendant argues that his guilty pleas were not knowingly and voluntarily given because they were predicated on the court's representation it would terminate his parole.
 {¶ 4} At the time defendant was indicted, he was on parole. After hearing his sentence, when defendant asked the trial court to explain the parole situation to him, the court replied, "[t]he parole is done, post-release, when you're done." Tr. 47. The judgment entries in these cases, however, make no reference to his former parole.
 {¶ 5} In his motion to withdraw his plea, defendant stated he was not aware that his sentence lacked the language concerning his prior parole, until "he was recently informed by the Records Office at Grafton Correctional Instutition [sic] that upon the expiration of his current sentence he would be compelled to have a hearing with the Ohio Adult Parole Authority * * *." Defendant's Motion To Withdraw Plea at 5. In his response to the state's brief in opposition to defendant's motion, defendant clarified that he "learned that the essence of his plea bargain had been breached in July of 2004."
 {¶ 6} When he was discussing the possibility of entering a plea with the court, defendant expressed great concern regarding the parole which he violated and the consequences of that violation. The court told defendant, "in the event that there's a plea, just to make sure that things are kind of wrapped up, the Court wouldn't mind handling that, as expected of it. I have been deferring to the parole authority." Tr. at 13.
 {¶ 7} Later in the discussion, the court told defendant:
In the event you go to trial, this Court would not handle your parole violation. In the event you plead, I'm willing to consider whatever the Court — the Court is happy to talk with opposing counsel here to package something up from that standpoint. But that would only be in the event of a plea.
Tr. at 16.
Defense counsel noted that defendant's parole was to last at least until October 2014. The Court later noted that defendant was on parole "in case number 328155, which was a felony four with violent specs." Tr. at 26.
Finally, before defendant entered his plea, the trial court repeated to him:
The Court has indicated, because you're entering your plea here, in order to wrap everything up, [sic] will make a finding
of you're in violation, when I take your plea, of your post-release control or parole, whatever the case may be, andI will make the appropriate incorporation of your sentence.
Tr. at 27. Following this assurance by the court, defendant proceeded to enter his plea.[1]
 {¶ 8} In the sentencing portion of the hearing, the court noted that it had discussed defendant's parole situation with his parole officer and that, "according to the conference with the Adult Parole Authority, * * * they felt if the defendant was sentenced in this particular case, * * * his interests would be closed with the parole authority." Tr. 43, 45. The court, entering sentence, then stated:
On the post-release control, as was the intention of the parole authority, the Court is going to terminate the intereststhere. So we'll find out the correct case number and enter that record with the sentencing order. (Emphasis added.)
Tr. 46.
 {¶ 9} The court's language is imprecise but clear enough for this court and for defendant to understand that the violation of his parole would be included in his sentence and that his parole would be terminated.
 {¶ 10} R.C. 2929.141 provides that the trial court "may terminate the term of post-release control" and, "[i]n addition to any prison term for the new felony, impose a prison term for the violation," only when the defendant has violated postrelease control. The statute gives no such authority for a parole violation. The statute reads, in pertinent part:
(A) As used in this section, "person on release" means a "releasee" or "parolee," both as defined in section 2967.01 of the Revised Code.
(B) A person on release who by committing a felony violates any condition of parole, [or] any post-release control sanction * * * may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court mayterminate the term of post-release control if the person is areleasee * * *.
(Emphasis added.)
A parolee is defined in R.C. 2967.01(I) as
* * * any inmate who has been released from confinement on parole by order of the adult parole authority or conditionally pardoned, who is under supervision of the adult parole authority and has not been granted a final release, and who has not been declared in violation of the inmate's parole by the authority or is performing the prescribed conditions of a conditional pardon.
A releasee, on the other hand, is defined in R.C. 2967.01(J) as
* * * an inmate who has been released from confinement pursuant to section 2967.28 of the Revised Code under a period ofpost-release control that includes one or more post-release control sanctions. (Emphasis added.)
 {¶ 11} Because R.C. 2967.01(J) defines "releasee" as an inmate released specifically under postrelease control, defendant, therefore, is not a "releasee." The statute authorizes the trial court to terminate only a "releasee," that is, a person under postrelease control. The statute makes no provision for the court to alter the terms of a parole. The court erred, therefore, in stating at both the plea and the sentencing hearings that it would terminate defendant's parole.
 {¶ 12} Defendant was clear in stating that he did not want to enter into a plea agreement unless his parole was "taken care of," that is, terminated. The court made clear to him that it would not intercede with the parole board on his behalf unless he entered a plea. Further, just prior to making the plea, the court told defendant that it would "wrap everything up" and "make a finding of his violation of his postrelease control or parole, whatever the case may be." The trial court added it would "make the appropriate incorporation" of his sentence.
 {¶ 13} Because defendant was in violation, not of postrelease control, but rather of parole, we must interpret the judge's statement as a promise the sentence she ordered would incorporate his parole violation, as well as any postrelease control, so that the matter of his parole would be terminated and he would have no postrelease control.
 {¶ 14} A defendant who has entered a plea is limited when he attempts to withdraw the plea. "Generally, a guilty or not contest plea operates as a waiver of all non-jurisdictional defects in the proceedings. * * * However, a guilty or no contest plea does not preclude a defendant from challenging the trial court's determination that he or she knowingly, intelligently, and voluntarily entered the plea." State v. Windle, Hocking App. No. 03CA16, 2004-Ohio-6827, ¶ 6.
 {¶ 15} In conformity with Crim.R. 32.1, when reviewing a motion to withdraw a plea, the courts review a post-sentence plea differently from a presentence plea. The rule states, in pertinent part, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." We have previously held that "only when the appellant can establish that he must be permitted to change his plea to avoid a manifest injustice will a court allow him to withdraw his plea." State v. Wangul, Cuyahoga No. 84698,2005-Ohio-1175, ¶ 7. The manifest justice standard is an extremely high one; therefore, only in extraordinary cases will the court permit the post-sentence withdrawal of a guilty plea.State v. Smith, 49 Ohio St.2d 261, 264.
 {¶ 16} This court has long held that a plea is invalid if the defendant has a mistaken belief of the possible sentence because of a misunderstanding or misrepresentation by defense counsel.State v. Longo (1982), 4 Ohio App.3d 136, 140. If a misrepresentation by counsel is enough to vacate a plea, so would a mistaken representation by the trial judge.
 {¶ 17} In exchange for his plea, defendant was promised something which the trial court could not provide. The record is clear that defendant would not have pled guilty if the court had not promised him it would terminate his parole and incorporate any postrelease control or parole into his sentence. The trial court erred, therefore, when it accepted defendant's plea. Accordingly, this assignment of error has merit.
 {¶ 18} Plea vacated, case remanded for further proceedings.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs; Corrigan, J., concurs in judgmentonly.
[1] At the conclusion of the sentencing hearing, the court expressly stated that defendant was not subject to post release control in the case he was pleading to. His counsel stated: "Is he going to be subject to post-release control in this case?" The court responded, "No." Tr. 47.