[Cite as *Hawkins v. State*, 2011-Ohio-3393.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96080, 96081, 96082, 96083, 96084, 96085, 96086, 96087, 96088, 96089, 96090, 96091 and 96092**

---

# LURAY CHARDONNAY HAWKINS, ET AL.

PLAINTIFFS-APPELLEES

vs.

# STATE OF OHIO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-646869, CV-661234, CV-648556, CV-648638, CV-648877,
CV- 646844, CV-669146, CV-648446, CV-649223, CV-647872, CV-649140,
CV-648317 and CV-648405

**BEFORE:** Sweeney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 7, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Daniel T. Van, Esq.
Assistant County Prosecutor
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Robert L. Tobik, Esq.
Cuyahoga County Public Defender
By: Cullen Sweeney, Esq.
Assistant Public Defender
310 lakeside Avenue, Suite 400
Cleveland, Ohio 44113

Michael Baker, Pro Se
472 E. 110th Street
Cleveland, Ohio 44108

Norbert Briggs, Pro Se
19024 Hunser Pointer Road
Strongsville, Ohio 44136

Rafail T. Musalih, Pro Se
822 Alhambra
Cleveland, Ohio 44110

Matthew A.Rankin, Pro Se
17599 Whitney Road, Apartment 120
Strongsville, Ohio 44136

Don M. Williams, Pro Se

873 Helmdale
Cleveland, Ohio 44112

Lloyd Williams, Pro Se
1761 Wymore Ave., #205
E. Cleveland, Ohio 44126

JAMES J. SWEENEY, P.J.:

{¶ 1} The State of Ohio appeals from the trial court's decisions in these consolidated matters which granted appellees' petitions that contested the application of the Adam Walsh Act ("AWA") to them because they were previously classified under Ohio's Megan's Law. We affirm.

{¶ 2} The State's position is that the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753 is not applicable to individuals who were classified under Megan's Law by operation of law, including individuals who were classified under Megan's Law as a result of out of state convictions.

{¶ 3} All of the appellees herein were initially classified and subject to the registration and reporting requirements under Ohio's Megan's Law as either sexually oriented offenders or habitual sexual offenders by operation of law. Some of the appellees were classified by operation of law as a result of their convictions in Ohio. The other appellees were convicted of offenses in other states, but upon moving to Ohio were subject to Megan's Law.

{¶ 4} After Ohio enacted the AWA provisions, appellees were subject to reclassification and any new reporting, registration and notification requirements that would result from a new classification. All of the appellees filed petitions contesting the application of the AWA to them and objecting to being reclassified under it. Pursuant to *Bodyke*, the trial court granted the appellees' petitions and the State appealed, presenting the following errors for our review:

{¶ 5} "I. The trial court erred in applying *State v. Bodkye*, 126 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who was not classified under Megan's Law by an Ohio Court because under these circumstances there is no violation of the Separation of Powers Doctrine."

{¶ 6} "II. The trial court erred in applying *State v. Bodkye*, 126 Ohio St.3d 266, 2010-Ohio-2424, to a petitioner who did not demonstrate by clear and convincing evidence that they were previously classified by an Ohio court."

{¶ 7} This court has recently addressed and overruled the same arguments and issues that the State raises in this instant appeal. See, *Willie Speight, III v. State*, Cuyahoga App. Nos. 96041, 96042, 96043, 96044, and 96405, 2011-Ohio- _____ ; see also, *Hannah v. State*, Cuyahoga App. Nos. 95883, 95884, 95885, 95886, 95887, 95888, and 95889.

Adhering to this authority, we find that the trial court did not err by granting appellees' petitions.   The state's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR