[Cite as *State v. Torres*, 2012-Ohio-922.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 96930 and 96931

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MIGUEL TORRES

DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case No. CR-517675

**BEFORE:**  Stewart, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**  March 8, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   Cullen Sweeney
           Nathaniel McDonald
Assistant Public Defenders
310 Lakeside Avenue, Suite 400
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} In this consolidated appeal, plaintiff-appellant state of Ohio appeals from the judgments of the Cuyahoga County Common Pleas Court that granted defendant-appellee Miguel Torres's motion to withdraw guilty plea and motion to dismiss indictment. The state complains that because Torres's reclassification as a tier III sexual offender was lawful and subjected him to registration requirements under the Adam Walsh Act ("AWA"), the trial court erred in allowing him to withdraw his guilty plea for failing to verify his address. The state also contends that the trial court erred when it dismissed the underlying indictment. For the reasons stated below, we affirm.

{¶2} Torres was convicted of sexual abuse in New York in 1992. He moved to Ohio in 2007 and was automatically classified as a sexually oriented offender subject to the registration and reporting requirements under Ohio's version of Megan's Law. This classification required Torres to register his address with the Cuyahoga County Sheriff annually for ten years. In July 2007, the Ohio General Assembly replaced the existing sexual offender registration statutes with Ohio's version of the AWA. When the AWA became effective in January 2008, Torres was reclassified as a tier III sexual offender. This reclassification required him to report more frequently and for a longer period of time: every 90 days for life.

{¶3} Torres last verified his address on May 19, 2008, and 90 days later when he failed to report, he was indicted for failure to verify his address under the AWA. In March 2009, Torres entered a plea of guilty to an amended indictment for attempted

failure to verify address and was sentenced to community control sanctions and continued reporting requirements.

{¶4} In August 2009, a capias was issued at the request of the adult probation department because Torres had again failed to report as directed. In January 2010, the trial court found him to be in violation of community control sanctions and sentenced him to a two-year term of incarceration. In March 2011, Torres filed a motion to withdraw his guilty plea, and in May 2011, he filed a motion to dismiss the indictment. The trial court granted Torres's motion to withdraw his plea in May 2011. In June, when his motion to dismiss indictment was granted, the state appealed both rulings.

{¶5} For its first assignment of error, the state argues that the trial court erred in granting Torres's motion to withdraw guilty plea because the underlying conviction was based on a lawful reclassification that subjected Torres to registration under the AWA. The state argues that Torres is not entitled to relief because his duty to register arose by operation of law because he was convicted out-of-state, and that he had no expectation of finality.

{¶6} The state derives its right to appeal in criminal cases from R.C. 2945.67(A), which "draws a distinction between an appeal as of right and an appeal by leave." *State v. Matthews*, 81 Ohio St.3d 375, 377, 691 N.E.2d 1041 (1998). R.C. 2945.67(A) defines the circumstances under which the state has an absolute right of appeal, and states, in pertinent part:

> A [prosecutor] * * * may appeal as a matter * * * [of] right any decision of a trial court in a criminal case * * * which decision grants (1) a motion to

dismiss all or any part of an indictment, complaint, or information, (2) a motion to suppress evidence, or (3) a motion for the return of seized property or (4) grants post conviction relief  * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *.

{¶7} The state filed a timely notice of appeal.  However, since the state's challenge to the motion to withdraw guilty plea is discretionary, the state was also required to move this court for leave to appeal.  "[A] motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed * * *."  App.R. 5(A).  "[T]he filing of a motion for leave to appeal by the state in a criminal case is jurisdictional, and the failure to take that action within thirty days is fatal."  *State v. Gowdy*, 95 Ohio App.3d 628, 630, 643 N.E.2d 175 (2d Dist.1994); *see also Garfield Hts. v. Turpin*, 8th Dist. No. 74920, 1999 WL 820537 (Oct. 14, 1999) ("the court declined to grant the prosecution leave to appeal where the prosecution did not file a motion for leave to appeal, and there were other cases which reached the issue which the prosecution sought to raise").  Because the state did not seek leave to appeal the issue raised in its first assigned error, we decline to address it.

{¶8} The state, in its second assignment of error, similarly asserts that Torres is subject to registration under the AWA, and as a result, the trial court erred by dismissing the indictment.  The state concedes that this court has held that *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, also applies to out-of-state offenders who have been previously classified under Ohio's Megan's Law, and raises this appeal only to preserve this assignment of error for possible review.  Nevertheless, we again note that

this court has held that an "unlawful reclassification under Ohio's AWA cannot serve as the predicate for the crime of failure to verify." Therefore, a defendant indicted under such an unlawful reclassification cannot be convicted of the offense charged. *State v. Ortega-Martinez,* 8th Dist. No. 95656, 2011-Ohio-2540, 2011 WL 2112726, ¶ 17, citing *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880, 2010 WL 2541371, ¶ 29; *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83, 2011 WL 208290; *see also Hawkins v. State*, 8th Dist. Nos. 96080, 96081, 96082, 96083, 96084, 96085, 96086, 96087, 96088, 96089, 96090, 96091, 96092, 2011-Ohio-3393, 2011 WL 2651565. The state's second assignment of error is overruled.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR