[Cite as *State v. McCuller*, 2025-Ohio-837.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellant/
    Cross-Appellee,          :

                      No. 114153

v.                               :

CHARLES MCCULLER,                 :

    Defendant-Appellee/
    Cross-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPEAL DISMISSED, CROSS-APPEAL
JUDGMENT AFFIRMED
**RELEASED AND JOURNALIZED:** March 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679991-A

---

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
Michael V. Wilhelm, Assistant Public Defender, *for
appellee and cross-appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brittany Stipich and Anthony T. Miranda,
Assistant Prosecuting Attorneys, *for appellant and cross-
appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} The State of Ohio ("State") brings this appeal challenging the judgment of the trial court terminating appellant Charles D. McCuller's ("McCuller") parole supervision. McCuller cross-appealed, arguing that the trial court erred in denying his motion to dismiss the indictment.

{¶ 2} After a thorough review of the applicable law and facts, we dismiss the State's appeal and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} In 1979, McCuller was charged in juvenile court in three cases; he was bound over and the cases were transferred to the common pleas court. McCuller pled guilty to rape charges in Cuyahoga C.P. No. CR-79-052011-ZA and Cuyahoga C.P. No. CR-79-48919-ZA. He was sentenced to two sentences of seven to 25 years in prison, to be served consecutively. McCuller had also been convicted of attempted rape and felonious assault in Cuyahoga C.P. No. 79-048254-ZA. His sentence on this case was run concurrently to the sentences in the two other cases for a total prison sentence of 14 to 50 years.

{¶ 4} McCuller was paroled in 1988 but later violated his parole five times. In 2002, while incarcerated on his fifth parole violation, he was classified as a sexually oriented offender and sexual predator under the sex-offender registration system then in effect (Megan's Law), that required him to register every 90 days for

life. In 2004, he was provided with the registration requirements and first registered with the sheriff's office.

{¶ 5} In December 2022, McCuller was notified that his next registration date was March 14, 2023. As of March 17, 2023, he had not verified his address, and a warning letter was sent to him, notifying him that he had to register by March 24, 2023. He did not do so.

{¶ 6} McCuller was indicted on one count of failure to verify address, a third-degree felony, in violation of R.C. 2950.06, and one count of failure to provide notice of change of address, a third-degree felony, in violation of R.C. 2950.05(E)(1).

{¶ 7} McCuller moved to dismiss the indictment, asserting that the registration statute in question, former R.C. 2950.04, only applied to offenders who were convicted and sentenced to prison for a sexually oriented offense and who were released from prison on that offense on or after July 1, 1997. He further argued that he had been improperly classified as a sexual predator in 2002 and asserted that he had been released from prison in 1988 and was therefore not incarcerated when Megan's Law became effective in 1997. He maintained that a trial court was only permitted to conduct a sexual-predator classification hearing prior to the offender's release from prison or up until a year after release.

{¶ 8} The State opposed McCuller's motion to dismiss, arguing that McCuller was, in fact, incarcerated on the original offense because he had been paroled prior to serving his full sentence and returned to prison five times for parole violations — not for other crimes. Therefore, he was incarcerated for the sexually oriented

offense after 1997 and was properly classified as a sexual predator under R.C. 2950.04.

{¶ 9} The trial court denied the motion, finding that McCuller did have a duty to register as a sexual predator. The court further stated, "Defendant was first paroled from his indefinite sentence on [March 28, 1988], prior to the statute's [July 1, 1997] language. However, parole did not release him from his prison term. Defendant was not released from the [seven to] 25 year prison term on the rape charge until after [July 1, 1997]."

{¶ 10} McCuller then pled no contest to both counts. At the plea hearing, McCuller acknowledged that he was currently on parole and that the current charges could violate his parole. His counsel informed the court that McCuller had been placed on parole "pre-Senate Bill 2" and was to remain on parole until August 2030. Defense counsel asked the court to consider terminating McCuller's parole since she believed that it was possible that if his parole were violated, he would have to serve his remaining six years in prison.

{¶ 11} The court asked the State if it would like to be heard with regard to McCuller's motion to terminate parole; the State responded that it would "defer to the [c]ourt." McCuller was sentenced to community control for a period of two years on each count, and the court stated that it was "terminat[ing] [his] parole in Case Numbers CR 79-052011 and 79-049139." However, in its sentencing entry, the court stated, "Parole terminated in CR-052011, CR-049139, CR-048254." The trial

court subsequently entered a nunc pro tunc judgment entry, revising the case numbers for the parole termination to be "CR-052011, CR-048919, CR-048254."

{¶ 12} The State then filed the instant appeal, and McCuller cross-appealed.

## II. Law and Analysis

### A. State's Appeal

{¶ 13} The State argues that the trial court erred in terminating McCuller's parole because the trial court lacked legal authority to terminate parole supervision in the prior cases.

{¶ 14} During the briefing in this matter, McCuller moved to dismiss the appeal, arguing that this court lacked jurisdiction. The State's appeal was purportedly brought under R.C. 2953.08(B)(2), which provides the State with the right to appeal a sentence that is contrary to law. McCuller argued in his motion to dismiss that the State is actually appealing the court's modification of a sentence from a separate case, *not* the sentence from the instant underlying case, and therefore the State was required to seek leave to appeal. The State asserted that its appeal related to a decision contained in the sentencing entry and prevents the reimposition of a prison sentence by the Adult Parole authority; therefore the State argued that it had appealed a "sentence" under R.C. 2953.08(B)(2).

{¶ 15} McCuller's motion to dismiss was denied administratively, and the appeal proceeded.

{¶ 16} In his brief, McCuller reiterates his position that this appeal should be dismissed for lack of jurisdiction. He maintains that the State had been required to seek leave to appeal the judgment in this matter; since it did not, and simply filed its notice of appeal, McCuller contends that the appeal should be dismissed. The State continues to insist that it appealed McCuller's sentence and therefore did not need to seek leave to file its appeal.

{¶ 17} R.C. 2953.08 provides, in pertinent part:

(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney . . . may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925 of the Revised Code.

(2) The sentence is contrary to law.

(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

{¶ 18} There does not appear to be any argument that the modification of McCuller's sentences to terminate parole would fall under subsection (B)(3), since this section applies to sentence reduction through judicial release. Thus, the only provision that could apply in this matter is (B)(2), pertaining to the appeal of a sentence that is contrary to law. Indeed, the State noted in its notice of appeal that it was bringing the appeal pursuant to R.C. 2953.08(B)(2).

{¶ 19} The question before us is whether the trial court's termination of McCuller's parole in the prior cases should be considered part of McCuller's *sentence* in the current matter. "Sentence" is defined in the Ohio Revised Code as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE). We cannot find that the modification of McCuller's parole in the prior cases constituted a "sanction or combination of sanctions" in the instant matter. Rather, it is clear that, in terminating McCuller's parole in the prior cases, the trial court was *modifying* those sentences. Simply because the modification was ordered within the current sentencing entry does not render it part of the sentence in the present case. The State does not argue that any part of the actual sentence imposed was contrary to law.

{¶ 20} Accordingly, the State has not appealed McCuller's sentence in the instant matter but the modification of his prior sentences. R.C. 2953.08(B)(2) "does not refer to the modification of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a sentence imposed on a defendant on the grounds that '[t]he sentence is contrary to law.'" *State v. Cunningham*, 113 Ohio St.3d 108, 112. The *Cunningham* Court held that the statute does not apply to a modification of a sentence that is claimed to be contrary to law. *Id.,* citing *State v. Raitz*, 2003-Ohio-5687, ¶ 13 (6th Dist.).

{¶ 21} "It is imperative that final judgments be disturbed only pursuant to the limited avenues afforded under the law." *State v. Jones*, 2018-Ohio-954, ¶ 18

(8th Dist.). Thus, the State was required to seek leave in order to appeal the court's decision. App.R. 5(C) provides that "a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the order sought to be appealed . . . ." "[T]he filing of a motion for leave to appeal by the state in a criminal case is jurisdictional, and the failure to take that action within thirty days is fatal." *State v. Roey*, 2012-Ohio-2207, ¶ 9 (8th Dist.), quoting *State v. Gowdy*, 95 Ohio App.3d 628, 630 (2d Dist. 1994); *State v. Torres*, 2012-Ohio-922, ¶ 7 (8th Dist.).

{¶ 22} This court has previously noted that a trial court lacks authority to terminate a defendant's parole. *See State v. Ricks*, 2006-Ohio-4268, ¶ 11 (8th Dist.). Thus, the trial court's order terminating McCuller's parole supervision on three prior cases was contrary to law. Moreover, the case numbers in which parole was terminated in the sentencing entry included an additional case that had not been mentioned at the hearing. While there appears to be merit to the State's appeal, we are precluded by statute from addressing it. The State has maintained that it had an absolute right of appeal and failed to move for leave to appeal within the procedural requirements of App.R. 5. *See State v. Hatfield*, 48 Ohio St. 2d 118 (1976). In order to correct the trial court's error in this case, the State was required to obtain leave from this court to file an appeal within 30 days of the final order. The record does not reflect the filing of a request for leave. Without such a filing, this court lacks jurisdiction to entertain the State's appeal, and we have no choice but to dismiss.

**B. Cross-Appeal**

{¶ 23} In his sole assignment of error, McCuller argues that the trial court erred in denying his motion to dismiss the indictment. McCuller asserts that the trial court should have dismissed the indictment because he did not violate any duty to register. McCuller contends that he was not required to register as a sex offender since he was released on parole in 1988, which extinguished any future duty to register. McCuller acknowledges that he violated his parole several times and was returned to prison. However, he contends that when he was returned to prison after his release in 1988, it was for parole violations, not the underlying sexually oriented crimes.

{¶ 24} Preliminarily, we note that McCuller unsuccessfully appealed his classification as a sexual predator in *State v. McCuller*, 2003-Ohio-4185 (8th Dist.) ("*McCuller I*"). At that time, he did not argue that his sentence had been completed and thus he should not have been classified. Thus, this argument is barred by res judicata. Where an argument could have been raised in a prior appeal, "res judicata dictates that it is inappropriate to consider that same argument on a second appeal." *State v. Davis*, 2013-Ohio-4905, ¶ 9 (8th Dist.).

{¶ 25} Nevertheless, as explained below, there is no merit to McCuller's appeal. In *State v. Champion*, 2005-Ohio-4098, the Supreme Court of Ohio held that "[a] person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04(A)(1)(a) or periodically verify a current address under R.C. 2950.06(A)." *Id*. at the syllabus; *see also State v. Palmer,* 2012-Ohio-580, ¶ 25 (finding that Megan's Law does not apply

when defendant completed his sentence for sexual battery before July 1, 1997). Thus, if McCuller *completed* his prison sentence for rape prior to the enactment of Megan's Law, the former law's registration requirements would not apply to him.

{¶ 26} McCuller's sexual-predator classification arose from his rape conviction in CR-79-052011-ZA, where he was sentenced to a prison term of 7 to 25 years. McCuller was first released on parole in March 1988. McCuller appears to argue that his sentence was *completed* at this point because he was released from prison. In making this argument, though, McCuller ignores the fact that he was returned to prison following his parole violations to resume serving his prison sentences for the rape convictions. "The essence of parole is release from prison, *before the completion of sentence*, on the condition that the prisoner abide by certain rules during the balance of the sentence." (Emphasis added.) *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972).

{¶ 27} At the time of his first release on parole in 1988, McCuller had served approximately eight years of his prison term. The maximum term he was sentenced to, however, was twenty-five years in prison. McCuller's prison term was not completed by July 1, 1997, which placed him within the ambit of R.C. 2950.04(A)(1)(a), and the reporting requirements applied to him. Thus, the trial court did not err in denying his motion to dismiss, and McCuller's assignment of error is overruled.

{¶ 28} The State's appeal is hereby dismissed. The judgment of the trial court relative to the cross-appeal is affirmed.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
EMANUELLA D. GROVES, J., CONCUR