[Cite as *State v. Cannon*, 2026-Ohio-1867.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellant,          :

                                   Nos. 115640 and 115641

     v.                             :

LARRY CANNON,                           :

     Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** May 21, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-696630-B

---

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew E. Moretto and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant the State of Ohio ("State") appeals the trial court's termination of defendant-appellee Larry Cannon's

("Cannon") parole in previous cases.[1]  For the reasons stated below, the trial court's order terminating Cannon's parole in previous cases is vacated.

**Relevant Facts and Procedural History**

{¶ 2} On September 24, and October 18 and 19, 2024, Cannon and Leroy Glass ("Glass") unlawfully entered occupied structures and committed theft of laptops, money, and other items.  Cannon and Glass were later indicted on charges related to these incidents.  On September 2, 2025, in CR-24-696630-B, Cannon pleaded guilty to one count of second-degree felony burglary, three counts of fifth-degree felony theft, and two counts of third-degree felony burglary.

{¶ 3} The trial court held the sentencing hearing immediately after the plea hearing.  Prior to accepting Cannon's plea, the trial court stated that it had "the ability to terminate whatever post-release control or parole you're on, and I've indicated I would do that in handing down my new sentence."  The trial court did not make further mention of Cannon's postrelease control or parole from previous cases during the plea and sentencing hearing.  On September 2, 2025, the trial court issued two separate journal entries.  The first entry terminated Cannon's parole and postrelease control in all of Cannon's previous cases, stating as follows:

> It is so ordered: Defendant's parole and post release control is hereby terminated on all cases.

The second entry contained the plea and sentencing in this case.

---

[1] 8th Dist. Cuyahoga No. 115641 contains the State's request for leave to file the appeal pursuant to App.R. 5(C) and *State v. McCuller*, 2025-Ohio-837, ¶ 21 (8th Dist.) and 8th Dist. Cuyahoga No. 115640 contains the appeal.

{¶ 4} The State raises the following assignment of error:

The trial court erred in terminating parole in separate cases.

**Law and Analysis**

{¶ 5} In its single assignment of error the State asserts that the trial court erred when it terminated Cannon's parole supervision in his previous cases. The State does not object to the trial court's sentencing as found in the trial court's second September 2, 2025 journal entry; therefore, we only address the first September 2, 2025 entry here.

{¶ 6} In 1996 Ohio overhauled its sentencing laws by enacting S.B. 2. S.B. 2 replaced indefinite prison terms with definite prison terms and "replace[d] parole with post-release control." *See State v. Johnson*, 2002-Ohio-4581, ¶ 7 (8th Dist.). Inmates or parolees, often referred to as "old law" inmates, that were sentenced pre S.B. 2 are still required to complete their sentences, including parole, pursuant to pre S.B. 2 laws.

{¶ 7} "When a person is paroled, he or she is released from confinement before the end of his or her sentence and remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release." *State v. Rembert*, 2014-Ohio-300, ¶ 25 (8th Dist.), citing *State v. Clark*, 2008-Ohio-3748, ¶ 36; R.C. 2967.02(C); 2967.13(E); 2967.15(A); 2967.16(C)(1).

{¶ 8} "Parole" is defined by R.C. 2967.01(E) as follows:

[R]egarding a prisoner who is serving a prison term for aggravated murder or murder, who is serving a prison term of life imprisonment for rape or for felonious sexual penetration as it existed under section

2907.12 of the Revised Code prior to September 3, 1996, *or who was sentenced prior to July 1, 1996*, a release of the prisoner from confinement in any state correctional institution by the adult parole authority that is subject to the eligibility criteria specified in this chapter and that is under the terms and conditions, and for the period of time, prescribed by the authority in its published rules and official minutes or required by division (A) of section 2967.131 of the Revised Code or another provision of this chapter.

(Emphasis added.)

{¶ 9} "Post-release control" is defined by R.C. 2967.01(N) as follows:

[A] period of supervision by the adult parole authority after a prisoner's release from imprisonment, other than under a term of life imprisonment, that includes one or more post-release control sanctions imposed under section 2967.28 of the Revised Code.

{¶ 10} The trial court does not have the authority to terminate parole from an earlier case. R.C. 2929.141(A) provides that "[u]pon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control[.]" The subsection allows the trial court to terminate postrelease control "regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control[.]" *Id.* However, the statute does not grant authority to the trial court to terminate parole from an earlier case. *See State v. Ricks*, 2006-Ohio-4268, ¶ 10 (8th Dist.), *State v. McCuller*, 2025-Ohio-837, ¶ 22 (8th Dist.).

{¶ 11} Cannon conceded during oral argument that he is still subject to parole from a previous case or cases and that the trial court erred when it terminated his parole from his previous case or cases.[2]

{¶ 12} Cannon asserts that any error was invited error because the State agreed to the termination of parole. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359 (1994), citing *Ctr. Ridge Ganley, Inc. v. Stinn*, 31 Ohio St.3d 310, 313 (1987). This court has previously found that "'invited error' is error of commission." *State v. Smith*, 2002-Ohio-3114, ¶ 30 (8th Dist.). Further, the doctrine requires that "counsel is 'actively responsible' for the trial court's error." *Id.*, citing *State v. Campbell*, 90 Ohio St.3d 320, 324 (2000).

{¶ 13} Cannon asserts that the State did not object to the termination of parole during in-chambers discussions. Cannon's assertions that this court should consider the trial court's in-chambers discussion with counsel is not supported by any legal authority. "It is well-settled that a court 'speaks through its journal entries.'" *State v. Thompson*, 2025-Ohio-1547, ¶ 41 (8th Dist.), quoting *State v. Johnson*, 2024-Ohio-72, ¶ 13 (8th Dist.), citing *State v. Lugo*, 2016-Ohio-2647, ¶ 3

---

[2] App.R. 12(A)(1)(b) mandates that the court of appeals shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, *the oral argument* under App.R. 21[.]" (Emphasis added.)

(8th Dist.). Further, any discussions held in chambers are not in the record and therefore are not subject to this court's review. *See* App.R. 12(1)(b).

{¶ 14} In this case, the record does not reflect any actions by the State that support Cannon's assertion that the error was invited error. In addition, at the start of the hearing the trial court stated that it had the ability to terminate Cannon's parole and that it "indicated [it] would do that in handing down [its] new sentence." However, the trial court did not terminate Cannon's parole during the hearing in this case. This omission prevented the State from having the opportunity to object to the termination of Cannon's parole on the record.

{¶ 15} Because Cannon concedes that he was still subject to parole and that the trial court erred, we sustain the State's sole assignment of error. The trial court's order terminating Cannon's parole in previous cases is vacated. The case is remanded to the trial court with instructions to issue a journal entry vacating the section of the first September 2, 2025 entry that terminates Cannon's parole in previous cases.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR